UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>                Plaintiff,<br><br>        v.<br><br>TARGET CORPORATION, et al.,<br><br>                Defendants. | 1:08-cv-01693-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1) |

Plaintiff is a state prisoner proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    I. Application to Proceed in Forma Pauperis

Plaintiff filed an application to proceed in forma pauperis on November 7, 2008. Plaintiff has made the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

1

### II. Obligation to Make Monthly Payments

Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account.

### III. Directions to the Department of Corrections

The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### IV. Screening the Complaint

#### A. Legal Standards

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant

fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact.

Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains

4

1  untrue material allegations of fact or false statements made with
2  knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,
3  741 F.2d 209, 212 (8th Cir. 1984).

        B. <u>Plaintiff's Complaint</u>

Plaintiff seeks damages (Cmplt. p. 1) from Michael J. Yant and Eric Heller, two employees of Target Corporation, an unnamed defendant referred to as the manager of the Target store, and Tulare Police Officer G. Barrios for injuries that Plaintiff sustained as a result of allegedly unlawful detention, cruel and unusual punishment in the form of deliberate indifference to medical needs, and infliction of physical and emotional abuse by way of application of excessive force. (<u>Id.</u>) The events in question occurred at a Target store in Tulare, California on March 3, 2008. (<u>Id.</u> pp. 3-4.) Plaintiff sues Defendant Barrios in his official capacity. (<u>Id.</u> p. 4, item 3.)

It is alleged that Defendant Barrios was dispatched to a Target store upon a report of shoplifting in progress; Plaintiff expressly states that Plaintiff does not dispute that he pled no contest to the theft. (<u>Cmplt.</u> p. 6.) Plaintiff further alleges that Defendant Barrios was present at 7:00 p.m. and witnessed Defendants Yant and Heller taking Plaintiff into custody by what was separately alleged to have been a citizen's arrest. (<u>Id.</u> at 6-9.) Plaintiff alleges that Defendant Barrios witnessed the assault at 7:00 p.m. (<u>Id.</u> p. 9.)

Defendants Yants and Heller told Defendant Barrios that they would interrogate Plaintiff, although Plaintiff told Barrios that Plaintiff had nothing to say; Yants and Heller told Barrios to return in two hours. (<u>Id.</u> pp. 6-7.) Plaintiff alleges that Yant

5

and Heller claimed to be off-duty police officers who also worked for Target asset protection. (Id.)

About five to ten minutes after being arrested, Plaintiff was forced to the ground, beaten while in custody, and handcuffed with his hands behind his back with a broken collarbone; all this was done by Defendants Yant and Heller. Plaintiff complained of injury to his left shoulder. (Id. p. 6.)

Defendant Barrios appeared, and Plaintiff told Barrios that Plaintiff needed to go to the hospital. (Id. p. 6.) It is not clear whether this happened right after the beating, or later after the passage of two hours of questioning by Yant and Heller. Barrios departed, and Plaintiff was questioned by Yant and Heller for two hours with visible injuries, passed out four times, and was revived with ice water; Plaintiff's requests for medical attention were denied except for a band aid for a cut hand. It was not until after Plaintiff was questioned and Barrios reappeared that Plaintiff was taken to the hospital by Barrios. (Id. pp. 6-8.) Plaintiff alleges that while he was at the hospital, he asked Barrios why the off-duty officers did not book him or transport him to jail; Barrios responded that the men were not off-duty police, but rather were simply security officers. (Id. p. 9.)

Plaintiff alleges the following by way of an explanation of how Defendant Barrios was acting under color of law:

> LEFT PLAINTIFF AT TARGET TO BE INTERROGATED FOR 2 HRS W/URGENT PHYSICAL INJURY. 2 HRS. LATER, BARRIOS TRANSPORTED PLAINTIFF TO HOSPITAL W/A SHATTERED COLLARBONE & INJURY.

(Cmplt. p. 4, item 3.) He also states:

6

<200b/>
<200b/>

<200b/>

> FACT; AT 7:P.M. I WAS OFFICIALLY DETAINED AT 7:P.M. (2 HOURS IN THEIR CUSTODY-AND LEFT VIA (IN-CONCERT WITH TOTAL DISREGARD BY A ALLEGED FELLOW TULARE POLICE OFFICER AND DENIED ANY RECOURSE AND MEDICAL AND RIGHTS! SUCH AS DEF. (IN-CONCERT) 1, 2 & 3.

(Id. p. 9.) He also alleges:

> BEINGS (SIC) THAT TULARE POLICE DEPARTMENT OFFICER BARRIOS WAS FULLY RESPONSIBLE ONCE HE WITNESSED MY APPREHENSION AND LEAVING ME WITH ALLEGED OFF-DUTY POLICE OFFICERS WHO WERE NOT, BUT ONLY SECURITY.

(Id. at p. 10.) He states that the Tulare Police should have taken Plaintiff into custody and given him immediate medical care after the assault. (Id. p. 11.) He states that Target Corporation is responsible for the initial injury, and the Tulare police acting in concert were responsible for continued abuse. (Id.)

A document identified as a police report of the incident, which is attached as an exhibit and appears to have been authored by Barrios, reflects that when Barrios and another officer (Lopez) arrived at the store, Barrios saw loss prevention personnel taking custody of Plaintiff; Lopez advised that he contacted the second suspect, later identified as Callum, north of the store, and Barrios responded to Lopez's location; Barrios contacted Callum, investigated, and obtained an identification of Callum by Target personnel. Defendant Yant stated that they wanted Plaintiff and the other suspect arrested and prosecuted. Barrios advised Callum that he was under arrest for burglary and transported him to the police department for booking; Plaintiff remained in the custody of Target personnel pending their investigation and interview. Barrios interrogated Callum after booking and engaged in a follow-up investigation concerning a third party (Cmplt. p. 8, Ex. 1, pp. 1-2, 5 (Doc. 1 pp. 13-14,

7

17).) Barrios then responded back to Target and was advised by Yant that Plaintiff had been recognized as having been involved in previous thefts at the store, and that before Plaintiff could run, Heller grabbed Plaintiff and forced him to the ground, taking him into custody without further incident. Barrios reported that he then transported Plaintiff to the hospital for medical treatment because Plaintiff complained of pain in a shoulder that Plaintiff believed was broken or dislocated due to his having been forced to the ground. (Id. p. 7 (Doc. 1, p. 19).) Plaintiff was medically cleared and issued an arm sling due to a shattered clavicle and was transported to jail and booked. (Id. p. 8.) The documents confirm Plaintiff's allegations that he was held by the Target personnel for about two hours.

### C. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

### D. Claim against Unnamed Supervisory Personnel

1    Plaintiff alleges that an unnamed "Doe" Defendant is sued in his official capacity as someone who supervised the Defendants and denied medical attention.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. Bell v. Clackamas County, 341 F.3d 858, 867 (9th Cir. 2003). However, a supervisor may be held liable for the constitutional violations of subordinates if the supervisor participated in, or directed, the violations, or knew of the violations and failed to act to prevent them. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).

It is not clear that the unnamed supervisor defendant is alleged to have been present at the scene and to have actively and personally participated in the events, or whether such defendant is named merely because he or she was in a supervisory

9

position. Because Plaintiff has failed to link the defendant with some affirmative act or omission, Plaintiff's complaint must be dismissed.

### E. Color of Law

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiff appears to be attempting to state claims for unlawful detention, excessive force, and deliberate indifference to medical needs against the Target employees and the officer.[1]

#### 1. Target Security and Property Loss Staff

There can be liability under § 1983 when an off-duty officer pretends to be acting in the performance of official duties, see, Anderson v. Warner, 451 F.3d 1063, 1069 (9th Cir. 2006). Plaintiff admits that Defendants Yant and Heller were not off-duty police officers at all, but rather were Target employees.

Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The Constitution protects individual rights only from government action, and not from private action; it is only when the government is responsible for the specific conduct of which the Plaintiff complains that individual constitutional rights are

---

[1]

implicated. <u>Single Moms, Inc. v. Montana Power Company</u>, 331 F.3d 743, 746-47 (9th Cir. 2003). Thus, a § 1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. <u>Franklin v. Fox</u>, 312 F.3d 423, 444-45 (9th Cir. 2002).

For the conduct of a private person to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982).

Generally, a private person's effecting a citizen's arrest has not been considered to be conduct under color of state law. <u>Collins v. Womancare</u>, 878 F.2d 1145, 1152 (9th Cir. 1989). This is because a private citizen's alleged <u>misuse</u> of a state law authorizing citizens to make arrests is contrary to relevant state policy, and it does not involve any abuse of state authority because the private citizen has no authority; thus, the conduct may not be ascribed to any governmental decision. 878 F.2d 1145, 1152 (citing <u>Edmondson Oil Co.</u>, 457 U.S. 922, 940 (1982)). Thus, both of the general elements of liability are missing.

With respect to application of the general principles pertinent to a determination of whether or not action was under color of state law, the Supreme Court has articulated four tests

11

for determining whether a private person's actions amount to state action: 1) public function, 2) joint action, 3) state compulsion, and 4) governmental nexus. Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002); Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982).

Under the joint action test, liability is based on either conspiracy or joint participation. It must be determined whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights:

> Under the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1453 (10th Cir.1995) (citing Collins, 878 F.2d at 1154). The test focuses on whether the state has " 'so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity.'" Gorenc v. Salt River Project Agric. Improvement & Power Dist., 869 F.2d 503, 507 (9th Cir.1989) (quoting Burton, 365 U.S. at 725, 81 S.Ct. 856). A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was "a willful participant in joint action with the State or its agents." Collins, 878 F.2d at 1154 (quotations omitted). To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. Phelps Dodge Corp., 865 F.2d at 1540-41. To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights. Id.; see also Gallagher, 49 F.3d at 1453-54 (holding that public university's acquiescence in private security team's pat-down searches of concert-goers did not establish state action under joint action test, despite shared goal of producing a profitable event).

Franklin v. Fox, 312 F.3d at 444.

With respect to conspiracy, Plaintiff alleges in a conclusional fashion that Barrios, who was a police officer on duty, acted "in concert" with the Target personnel. Barrios'

observation of Plaintiff's being taken into custody by the Target employees, even if he saw the employees pull Plaintiff to the ground, does not warrant an inference that Barrios shared any intention to deprive Plaintiff of any rights or even had knowledge of any specific internal injury suffered by Plaintiff. That Barrios left and returned two hours later, as instructed, does not warrant an inference that Barrios knew of, and/or intended, that any beating of Plaintiff occur, that Plaintiff be denied medical attention for any injury that warranted it, or that any of Plaintiff's constitutional rights be violated during Plaintiff's contact with the Target employees. The report indicates that at that time, Barrios was involved in taking the other suspect in to custody, investigating his involvement, and investigating potential involvement of, and/or potential violence against, a third party; Barrios then returned. There is no indication that he knew that the Target employees had represented, or would represent, that they were police officers. Under the circumstances, Barrios' leaving of Plaintiff with the Target personnel does not appear to warrant an inference of a shared objective or shared intention to violate constitutional rights, or any understanding on these matters. Thus, Plaintiff has not alleged facts warranting an inference of conspiracy.

    The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. <u>Empress LLC v. City and County of San Francisco</u>, 419 F.3d 1052, 1056 (9th Cir. 2005); <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ...." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired, or acted in concert, to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

With respect to the evidence necessary to support a finding of joint action, generally there must be a substantial degree of cooperative action. Collins v. WomanCare, 878 F.2d 1145, 1154 (9th Cir. 1989). A store or its employees may be considered to be acting jointly with police when the police will detain accused shoplifters without making an independent investigation, such as when pursuant to a preconceived plan the police will arrest anyone merely designated for arrest by a store owner. Smith v. Brookshire Bros., Inc., 519 F.2d 93, 94 (5th Cir. 1975), cert. denied, 424 U.S. 915 (1976). Joint action is present where pursuant to a customary plan between the store and the police department, arrests are made. Duriso v. K-Mart No. 4195, etc., 559 F.2d 1274 (5th Cir. 1977). Further, joint action may be demonstrated where a private security officer was also an auxiliary law enforcement officer, announced the arrest as proceeding from the sheriff's department, and displayed an official badge, radio, handcuffs, pepper spray, and gun at time of arrest. Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d

348, 354-55 (4th Cir. 2003). It has been held that state action is not present where even though a police officer relied on a report in arresting a shopper, the uncontradicted evidence was that the officer made his own, independent determination of cause to arrest. Hernandez v. Schwegmann Bros. Giant Supermarkets etc., 673 F.2d 771, 772 (5th Cir. 1982 (officer's undertaking his own investigation, writing his own report, and making his own determination concerning the arrest precluded finding of joint action); Lee v. Town of Estes Park, Colo., 820 F.2d 1112, 1115 (10th Cir. 1987).

Here, it does not appear that Defendant Barrios was in a position to control or encourage the actions of the Target personnel; he did not direct the Target personnel in their treatment of Plaintiff or otherwise conduct himself in a way that warrants a conclusion that he was advocating the actions or was being a wilful participant in the actions of the Target employees. The police report attached to the complaint in this action demonstrates that Defendant Barrios conducted an investigation and made what appears to be his own recommendation based on that investigation. The Court concludes that Plaintiff has not alleged facts that show a right to relief above the speculative level or provide plausible grounds to suggest and infer that there was joint action or conspiracy sufficient to render the private security guards' behavior to be action takin under color of state law. Thus, Plaintiff has not stated a claim pursuant to § 1983 against the private actors.

### F. Delay in Medical Treatment

The Eighth Amendment's prohibition against cruel and unusual

1  punishment only protects convicted prisoners. <u>Bell v. Wolfish</u>,
2  441 U.S. 520, 535 (1979); <u>Graham v. Connor</u>, 490 U.S. 386, 395
3  n.10 (1989). Although the rights of pre-trial detainees are
4  analyzed under the Due Process Clause rather than the Eighth
5  Amendment, the same standards apply. <u>Frost v. Agnos</u>, 152 F.3d
6  1124, 1128 (9th Cir. 1998)."[T]o maintain an Eighth Amendment
7  claim based on prison medical treatment, an inmate must show
8  'deliberate indifference to serious medical needs.'" <u>Jett v.</u>
9  <u>Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v.</u>
10 <u>Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test
11 for deliberate indifference requires the plaintiff to show (1)
12 "'a serious medical need' by demonstrating that 'failure to treat
13 a prisoner's condition could result in further significant injury
14 or the unnecessary and wanton infliction of pain,'" and (2) "the
15 defendant's response to the need was deliberately indifferent."
16 <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050,
17 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs.,</u>
18 <u>Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)
19 (internal quotations omitted)). Deliberate indifference is shown
20 by "a purposeful act or failure to respond to a prisoner's pain
21 or possible medical need, and harm caused by the indifference."
22 <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).  Deliberate indifference
23 may be manifested "when prison officials deny, delay or
24 intentionally interfere with medical treatment, or it may be
25 shown by the way in which prison physicians provide medical
26 care." <u>Id.</u> (citing <u>McGuckin</u> at 1060 (internal quotations
27 omitted)). Where a prisoner is alleging a delay in receiving
28 medical treatment, the delay must have led to further harm in

order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's complaint reflects that the shopkeeper detained Plaintiff for two hours, then the police took Plaintiff into custody. Plaintiff's complaint is somewhat unclear as to the amount of time that elapsed between the time he was taken into police custody and the time at which he was taken to the hospital. Plaintiff has not alleged facts warranting an inference of delayed medical treatment or deliberate indifference on the part of Defendant Barrios. Plaintiff will have an opportunity the clarify the precise chronology of events and provide further facts in an amended complaint.

### G. Violations of Rights relating to Criminal Conviction

Plaintiff refers to violations of his rights as a person accused of a crime based on the nature of the interrogation, including Fifth and Sixth Amendment violations. (Cmplt. p. 10.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment,"a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

17

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff has not alleged that his conviction has been invalidated, and he in fact admits that he pleaded guilty and suffered a conviction. Thus, Plaintiff has not stated a claim upon which relief may be granted with respect to alleged violations of rights in the course of his prosecution.

V. Disposition

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that

1  support Plaintiff's claim. Id.

2  An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it IS ORDERED that

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) The Director of the California Department of Corrections or his designee SHALL COLLECT payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and SHALL FORWARD those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments SHALL BE clearly identified by the name and number assigned to this action; and

3) The Clerk of the Court IS DIRECTED to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

4) The Clerk of the Court IS DIRECTED to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

5) Plaintiff's complaint IS DISMISSED with leave to file a first amended complaint; and

6) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; Plaintiff IS INFORMED that the failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action, and further, a failure to file an amended complaint that states a claim upon which relief may be granted will be considered to be grounds for dismissing the complaint pursuant to 28 U.S.C. § 1915A(b) and will result in dismissal of the action; and

7) The Clerk IS DIRECTED to send to Plaintiff with this order a blank civil rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:    December 5, 2008**                      /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE