UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION, et al.,<br><br>        Defendants. | 1:08-cv-01693-OWW-SMS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SOME CLAIMS WITHOUT LEAVE TO AMEND, TO FIND THAT PLAINTIFF STATES A COGNIZABLE CLAIM AGAINST SOME DEFENDANTS, AND TO ORDER SERVICE OF THE FIRST AMENDED COMPLAINT ON THREE DEFENDANTS |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's first amended complaint (FAC), filed on February 17, 2009.[1]

    I. <u>Screening the Complaint</u>

        A. <u>Legal Standards</u>

---

[1] The document as docketed appears to contain two copies of the FAC. The second copy of Plaintiff's complaint is marked "original" and is signed; the first copy is not. For the sake of convenience, references to pagination are to the official pagination of the pages of the first copy that appears in the document.

1

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative

2

level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a

claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

B. Plaintiff's First Amended Complaint

Plaintiff seeks compensatory and punitive damages (Cmplt. p. 15) from Michael J. Yant and Eric Heller, two employees of Target Corporation, an unnamed defendant referred to as the manager of the Target store, and Tulare Police Officer G. Barrios for injuries that Plaintiff sustained as a result of allegedly unlawful detention, cruel and unusual punishment in the form of deliberate indifference to medical needs, and infliction of physical and emotional abuse by way of application of excessive force. (Id. pp. 1-3.) The events in question occurred at a Target

4

store in Tulare, California on March 3, 2008. (Id. pp. 2-3.)
Plaintiff purports to sue all defendants in their official and
individual capacities. (Id. p. 4.)

Plaintiff entered no-contest pleas to criminal charges,
probably theft, stemming from the incident. (Cmplt. p. 14.)

It is alleged that Defendants Yant and Heller, who were
working as asset protection specialists at the time, claimed to
be off-duty police officers who were acting in concert with
Defendant Officer Barrios, who was present to assist in the
apprehension of Plaintiff and another suspect. (Cmplt. p. 5.)
Plaintiff alleges that Defendants Yant and Heller immediately
told the officer that they wanted both suspects prosecuted for
theft. (Cmplt. p. 11.) It is also alleged that Defendants Yant
and Heller effected a citizen's arrest of Plaintiff outside the
store (id. p. 3); Plaintiff did not try to run and was not
combative (id. p. 14); in the course of the arrest, they
inflicted injury on Plaintiff by assaulting him, continually
beating him, and handcuffing him so tight that he bled. (Cmplt.
p. 6.) This was witnessed by Defendant Officer Barrios, who had
been dispatched to the Target store upon a report of shoplifting
in progress and who noted the injury and observed the injured
Plaintiff being dragged back in to the store to be interrogated;
pursuant to the instructions of the other defendants, Defendant
Barrios left Plaintiff in the control of Defendants Yant and
Heller, who informed Barrios that they wanted to interrogate
Plaintiff concerning other thefts at the store. Although
Plaintiff complained of his injuries, demanded medical attention
due to a broken collar bone injury that was obvious, and stated

5

he had nothing to say, Officer Barrios left Plaintiff with the other defendants, stated he would return later, and returned two hours later, during which time Plaintiff was denied medical attention, and Plaintiff invoked his right to remain silent. (Cmplt. pp. 4, 6.) During the interval, Yant and Heller read Plaintiff his Miranda rights and interrogated him despite Plaintiff's invocation of his right to remain silent. Barrios then told Plaintiff that Heller and Yant were just security officers, and were not off-duty police officers. (Id. p. 4.)

Plaintiff alleges that Defendant Barrios was "aiding and abetting" the other defendants during the arrest, but also that he caused abuse of authority by severe negligence. (Cmplt. p. 5.) Plaintiff alleges that Barrios negligently left Plaintiff with evident injuries to be interviewed for over two hours. (Id. pp. 12, 14.) Plaintiff also alleges that all defendants acted in concert and caused a purposeful act of infliction of physical and emotional abuse. (Cmplt. p. 15.)

It is alleged that after Barrios reappeared, he immediately transported Plaintiff to the hospital. (Cmplt. p. 6.) Plaintiff was diagnosed with a broken or shattered collar bone and given an arm sling. (Cmplt. p. 9.) His glasses were shattered, he suffered dental injury and emotional distress, and he incurred hospital bills. (Id. p. 12.)

With respect to the supervisor, Defendant John or Jane Doe, Plaintiff alleges that Defendant Doe supervised Defendants Yant and Heller, noted Plaintiff's injuries, brought a bottle of water and a band-aid for Plaintiff's cut hand after Plaintiff had passed our four times; she asked if he needed an ambulance, but

one of the other defendants stated that Plaintiff was not cooperating, and the officer would pick him up soon or was on the way for booking. She then walked out. (Cmplt. pp. 5, 8-9.) Plaintiff alleges in a conclusional fashion that Defendant was negligent in hiring and supervision. (Id. p. 15.)

Plaintiff states that he did not give any defendant any statement at all. (Cmplt. p. 8.) However, he also refers to a false report in which Yant lied by saying Plaintiff had told him that upon entering the Target store, he intended to take items and sell them or trade them for methamphetamine, and he admitted earlier thefts. (Cmplt. p. 10.)

After fifteen pages of factual allegations, attached to Plaintiff's first amended complaint (FAC) are various exhibits consisting of police reports and documents concerning Plaintiff's administrative complaint against the defendants.

### C. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.

7

1986).

### D. Claim against Unnamed Supervisory Personnel

Plaintiff alleges that an unnamed "Doe" Defendant is sued in his official capacity as someone who supervised the Defendants and denied medical attention.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. Bell v. Clackamas County, 341 F.3d 858, 867 (9th Cir. 2003). However, a supervisor may be held liable for the constitutional violations of subordinates if the supervisor participated in, or directed, the violations, or knew of the violations and failed to act to prevent them. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).

It is clear that the unnamed supervisor defendant is alleged to have been present at the scene, to have been aware of

Plaintiff's seriously injured condition, and in effect to have acquiesced in or approved the failure to obtain medical attention for Plaintiff during the two-hour period. Therefore, the supervisory status of the fourth defendant is not a bar to liability.

With respect to action under color of law, reference should be made to the discussion below.

### E. Unlawful Arrest, Prosecution, or Conviction

To the extent that Plaintiff seeks to state a claim for wrongful arrest or prosecution based on any information that any of the Defendants communicated, such as an allegedly false report of a confession, the Court notes that Plaintiff has admitted that he pled no contest to criminal charges.

The allegations of the complaint are ambiguous and uncertain, but it is possible that Plaintiff is attempting to allege claims of wrongful arrest, charging, and conviction based on matters that have been the subject of a criminal conviction. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

9

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Under Heck v. Humphrey, 512 U.S. 477 (1994), a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal. The Heck principle applies to claims that would necessarily imply the invalidity of any conviction that might have resulted from the prosecution of the dismissed charge, including pending charges in addition to actual convictions. Harvey v. Waldron, 210 F.3d 1008, 1013-14 (9th Cir. 2000). It applies generally to charges of unlawful or false arrest. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998); Harvey v. Waldron, 210 F.3d at 1014-15.

Here, Plaintiff has alleged only that he entered a no-contest plea to some charges (Cmplt. p. 14, l. 18-19); he has not alleged that any charges have been invalidated. Plaintiff was previously informed of the legal bar of the Heck case in the Court's screening order relating to the original complaint; however, despite being given an opportunity to file an amended complaint, Plaintiff has not alleged that any criminal conviction stemming from his no contest plea or pleas has been invalidated. It appears that an additional opportunity to amend the complaint in this regard would be futile.

Therefore, to the extent that Plaintiff attempts to state

claims for wrongful arrest, detention, accusation, or conviction, Plaintiff's complaint must be dismissed without leave to amend because any such claims are barred by the rule of Heck.

### F. Color of Law

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiff appears to be attempting to state claims for unlawfully prolonged detention, excessive force, and deliberate indifference to medical needs against the Target employees and the officer.

#### 1. Target Security and Property Loss Staff

There can be liability under § 1983 when an off-duty officer pretends to be acting in the performance of official duties. See, Anderson v. Warner, 451 F.3d 1063, 1069 (9th Cir. 2006). Plaintiff admits that Defendants Yant and Heller were not off-duty police officers at all, but rather were Target employees.

Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The Constitution protects individual rights only from government action, and not from private action; it is only when the government is responsible for the specific conduct of which the Plaintiff complains that individual constitutional rights are implicated. Single Moms, Inc. v. Montana Power Company, 331 F.3d

743, 746-47 (9th Cir. 2003). Thus, a § 1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. <u>Franklin v. Fox</u>, 312 F.3d 423, 444-45 (9th Cir. 2002).

For the conduct of a private person to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982).

Generally, a private person's effecting a citizen's arrest has not been considered to be conduct under color of state law. <u>Collins v. Womancare</u>, 878 F.2d 1145, 1152 (9th Cir. 1989). This is because a private citizen's alleged <u>misuse</u> of a state law authorizing citizens to make arrests is contrary to relevant state policy, and it does not involve any abuse of state authority because the private citizen has no authority; thus, the conduct may not be ascribed to any governmental decision. 878 F.2d 1145, 1152 (citing <u>Edmondson Oil Co.</u>, 457 U.S. 922, 940 (1982)). Thus, both of the general elements of liability are missing.

With respect to application of the general principles pertinent to a determination of whether or not action was under color of state law, the Supreme Court has articulated four tests for determining whether a private person's actions amount to

state action: 1) public function, 2) joint action, 3) state compulsion, and 4) governmental nexus. Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002); Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982).

Under the joint action test, liability is based on either conspiracy or joint participation. It must be determined whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights:

> Under the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1453 (10th Cir.1995) (citing Collins, 878 F.2d at 1154). The test focuses on whether the state has " 'so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity.'" Gorenc v. Salt River Project Agric. Improvement & Power Dist., 869 F.2d 503, 507 (9th Cir.1989) (quoting Burton, 365 U.S. at 725, 81 S.Ct. 856). A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was "a willful participant in joint action with the State or its agents." Collins, 878 F.2d at 1154 (quotations omitted). To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. Phelps Dodge Corp., 865 F.2d at 1540-41. To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights. Id.; see also Gallagher, 49 F.3d at 1453-54 (holding that public university's acquiescence in private security team's pat-down searches of concert-goers did not establish state action under joint action test, despite shared goal of producing a profitable event).

Franklin v. Fox, 312 F.3d at 444.

In addition to proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)

(citation omitted)), there must be an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. <u>Empress LLC v. City and County of San Francisco</u>, 419 F.3d 1052, 1056 (9th Cir. 2005); <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ...." <u>Id</u>. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

With respect to conspiracy, Plaintiff has alleged not only that Defendant Barrios acted in concert with the Target defendants, but also that Defendant Barrios knew that Yant and Heller had assaulted Plaintiff and had caused serious, obvious injuries that required medical attention then and that were ultimately diagnosed; that Plaintiff had requested medical attention and/or hospitalization and had declined to make any statement or be interrogated; that Yant and Heller intended to

interrogate Plaintiff concerning thefts, instead of making Plaintiff available for medical treatment, despite Plaintiff's obvious need for medical treatment due to serious injury; and that Officer Barrios left Plaintiff with Yant and Heller for two hours despite this knowledge. Plaintiff specifically alleges that his injury was obvious, he had asked Barrios for medical attention, and he was bloody due to profuse bleeding from a seriously cut hand. (Cmplt. pp. 4, 6.) Although these facts, viewed in light of attached reports that indicated that Barrios processed other aspects of the case during the interval, might support other inferences, one reasonable inference is that Officer Barrios knew of Plaintiff's serious injury but purposefully cooperated with the Target employees to cause a delay in needed treatment and thereby to violate Plaintiff's federally protected rights. Although there is no indication that Barrios knew that Heller and Yant had misrepresented their status, there is a basis for an inference that Defendant Barrios was engaged in concerted action with a shared conspiratorial objective to deprive Plaintiff of needed medical treatment.

As to delayed medical treatment, the Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989). Although the rights of pre-trial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998)."[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to

15

serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Finally, if the actions are considered part and parcel of the seizure of Plaintiff, Fourth Amendment standards may protected Plaintiff. A claim of excessive force in the course of making a seizure of the person is properly analyzed under the

Fourth Amendment's "objective reasonableness" standard. Scott v. Harris, 550 U.S. 372, 381 (2007).

Plaintiff's complaint reflects facts warranting an inference that the Defendants acted in concert, with knowledge of Plaintiff's condition and need for immediate medical treatment, to detain and question Plaintiff for two hours under circumstances that Plaintiff's wrists bled from the restraints, he became unable to move his arm, and he passed out four times, apparently from the pain. Plaintiff has adequately alleged a claim for delayed medical treatment against all Defendants.

II. Recommendations

    A. Claims Barred by Heck

Accordingly, the Court concludes that to the extent that Plaintiff attempts to state claims for wrongful arrest, detention, accusation, or conviction, Plaintiff's complaint must be dismissed without leave to amend because any such claims are barred by the rule of Heck.

    B. Cognizable Claim Stated for Deliberately Indifferent Delay or Deprivation of Medical Care

However, with respect to Defendants Heller, Yant, Barrios, and Defendant Doe, the supervisor, Plaintiff has stated a cognizable claim against all defendants for deliberately indifferent delay or deprivation of medical care in violation of Plaintiff's federally protected rights.

Accordingly, it IS RECOMMENDED that

1. Plaintiff's claims for wrongful arrest, detention, accusation, or conviction BE DISMISSED WITHOUT LEAVE TO AMEND; and

2. It BE CONCLUDED that Plaintiff states a cognizable claim against Defendants Heller, Yant, Barrios, and Defendant Doe (supervisor); and

3. When appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint; and

4. Service BE DETERMINED TO BE APPROPRIATE for the following defendants: Michael J. Yant; Eric Heller; and Tulare Police Officer Greg Barrios;[2] and

5. The Clerk of the Court BE DIRECTED to send Plaintiff three USM-285 forms, three summons, an instruction sheet, a notice of submission of documents form, and one copy of the first amended complaint filed in this Court on February 17, 2009;

6) Within thirty days from the date of service of the order, Plaintiff BE DIRECTED to complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Four copies of the endorsed complaint filed in

---

[2] The United States Marshal cannot initiate service of process on unknown defendants. Therefore, the court will send plaintiff the appropriate service documents at such time that plaintiff ascertains that identities of the Doe defendants. Plaintiff states in his amended complaint that he has not yet ascertained the identities of the Doe defendants. The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

| | |
|---|---|
| 1 | this Court; |
| 2 | Plaintiff need not attempt service on defendants and need |
| 3 | not request waiver of service; and |
| 4 | 7. Upon receipt of the documents described above, the Clerk |
| 5 | of the Court BE DIRECTED TO FORWARD them to the United States |
| 6 | Marshal to serve the above-named defendants pursuant to Federal |
| 7 | Rule of Civil Procedure 4 without payment of costs; and |
| 8 | 8. Plaintiff BE INFORMED that **Plaintiff's failure to** |
| 9 | **comply with the order will result in a recommendation to dismiss** |
| 10 | **this action for failure to obey this Court's order. Local Rule** |
| 11 | **11-110**. |

IT IS SO ORDERED.

**Dated:  May 1, 2009**               /s/ Sandra M. Snyder
                               UNITED STATES MAGISTRATE JUDGE