UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION, et al.,<br><br>        Defendants. | 1:08-cv-01693-OWW-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AS MOOT (Doc. 16)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY (Doc. 16)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE ADDITIONAL OBJECTIONS (DOC. 16) |

Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On June 8, 2009, the Court adopted findings and recommendations concerning the screening of Plaintiff's complaint and directed service on three Defendants. Service documents were forwarded to the Marshal on the same date. Thus, as far as the Court is informed, service is pending.

///////

1

I. <u>Denial as Moot of Request for Leave to Amend</u>

On June 19, 2009, Plaintiff filed what the Court understands to be in part a request for leave to file an amendment to the complaint to name a specified Target store manager as a Doe defendant. The request IS DENIED as moot because pursuant to the pertinent Federal Rules of Civil Procedure, Plaintiff may amend the complaint once without the Court's permission as long as it is done before a response to the complaint has been filed.

However, Plaintiff IS REMINDED that a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u>

An amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Further, Plaintiff is informed that the inclusion of evidence in a complaint is generally not necessary. Thus, although Plaintiff's request to amend the complaint to add to it

evidence he has discovered about a theft ring involving Target and people from Oregon is moot, the Court WARNS Plaintiff that the Court is not a repository for evidence; evidence is appropriately submitted when a matter involving the merits of the issues in the case are before the Court, and this preliminary state of the action does not constitute such a stage of the proceedings.

### II. Motion for Discovery

Plaintiff requests the Court to issue orders to persons who were involved in the events forming the basis of the complaint so that Plaintiff may discover the name of the supervisor at the time of the incidents that form the basis of the complaint.

Plaintiff's request for discovery IS DENIED as premature. The case has yet to be scheduled or even served.

### III. Plaintiff's Request to Submit Additional Objections to the Magistrate Judge's Findings and Recommendations

Insofar as Plaintiff seeks to supplement his objections to the findings and recommendations made by the Magistrate Judge during the screening process, Plaintiff's request must be denied because the District Court has already considered and has adopted the findings and recommendations, and thus the submission of objections is untimely.

The ultimate decision concerning screening a complaint is made by the District Judge. If Plaintiff desires to submit additional material concerning the decision made by the Court concerning screening his complaint, then Plaintiff should proceed

/////

/////////

3

to seek reconsideration of the decision from the District Judge, as distinct from the Magistrate Judge.

IT IS SO ORDERED.

**Dated:  July 17, 2009**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

4