# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>            Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:08-cv-01693-OWW-SMS<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S STATUS IN FORMA PAUPERIS AND TO IMPOSE STATUS OF VEXATIOUS LITIGANT<br><br>(Doc. 43) |

Plaintiff Matthew Cramer is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983, arising from his injuries inflicted during his detention for shoplifting by store security personnel and local police.  By order filed December 9, 2008, the court granted plaintiff leave to proceed *in forma pauperis* and directed the California Department of Corrections to begin collecting payments from plaintiff's trust account until the statutory filing fee has been paid in full. Defendant Eric Heller[1] moves (1) to revoke plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g); (2)  to declare plaintiff a vexatious litigant under Title 31, part 2 of the California Code of Civil Procedure; (3) to prohibit plaintiff from filing new litigation without first obtaining leave of court; and (4) to require plaintiff to furnish bond, in an amount to be determined by the court, for defendant's benefit.  Plaintiff counters that, with one exception, his previous cases have had merit.

The undersigned declines to withdraw the prior *in forma pauperis* order or to recommend that plaintiff be declared a vexatious litigant required to post bond and to submit future complaints

---

[1]  Plaintiff alleges that Heller is an asset protection specialist at Target as well as a Tulare police officer (doc. 10, page 3).

1

for pre-filing review.  First, although plaintiff is now barred from *in forma pauperis* filings under 28 U.S.C. §1915(g), he was not so barred when he filed this action.  Second, although Heller arguably can satisfy the requirement that plaintiff is a frivolous litigant, he does not contend that "there is not a reasonable probability that [plaintiff] will prevail in the litigation against [Heller]."  Cal. Code Civil Procedure § 391.1.

**I.**     **Factual and Procedural Findings**

Plaintiff has filed at least twelve cases in the Eastern District of California since 1999:

1.  *Cramer v. California Department of Corrections*, 2:99-cv-01605-LKK-GGH (filed August 17, 1999).  Action dismissed May 31, 2005 (doc. 187).

2.  *Cramer v. Ty Warner, Inc.*, 2:00-mc-00099-FCD-GGH (filed March 24, 2000).  Action dismissed July 26, 2001, for failure to state a claim upon which relief may be granted (doc. 21)(a strike under 28 U.S.C. § 1915(g)).

3.  *Cramer v. California Department of Justice*, 2:00-cv-02374-DFL-DAD (filed October 25, 2000).  Dismissed as legally frivolous on September 26, 2001 (doc. 11)(a strike under 28 U.S.C. § 1915(g)).

4.  *Cramer v. Kushner,* 2:01-mc-00232-LKK-GGH (filed November 29, 2001).  Dismissed with leave to amend on November 29, 2001 (doc. 4).

5.  *Cramer v. Kushner*, 2:01-cv-02193-LKK-GGH (PS)(filed November 29, 2001)(renumbering of 2:01-mc-00232-LKK-GGH).  Dismissed without prejudice on plaintiff's motion (doc. 47).

6.  *Cramer v. Cooper*, 2:02-cv-00885-WBS-PAN (filed April 23, 2002).  Dismissed on plaintiff's motion, February 28, 2003 (doc. 11).

7.  *Cramer v. Davis*, 2:02-cv-02234-WBS-JFM (filed October 10, 2002).  Dismissed on plaintiff's motion, January 31, 2003 (doc. 9).

8.  *Cramer v. Tulare County Sheriff*, 1:04-cv-05834-REC-LJO (filed June 14, 2004).  Dismissed on plaintiff's motion January 28, 2005 (doc. 9).

9.  *Cramer v. Christ*, 1:04-cv-06364-AWI-SMS (filed October 5, 2004).  Dismissed on plaintiff's motion, December 8, 2004 (doc. 6).

2

10. *Cramer v. State of California*, 2:04-cv-02441-MCE-GGH (filed November 16, 2004). Dismissed without prejudice, September 1, 2005 (doc. 15).

11. *Cramer v. Bush*, 1:05-cv-00355-REC-DLB (transferred from District of District of Columbia on March 16, 2005). Dismissed on September 8, 2005, for plaintiff's failure to obey court's order (doc. 8).

12. *Cramer v. Schwarzenegger*, 2:07-cv-00125-JKS-GGH (filed January 18, 2007). Dismissed without prejudice on June 13, 2008 (doc. 18).

13. *Cramer v. Schwarzenegger*, 2:08-cv-1356-EFB (filed June 16, 2008). Transferred to Fresno on September 5, 2008 (doc. 4).

14. *Cramer v. Schwarzenegger*, 1:08-cv-01310-GSA (filed June 16, 2008). Dismissed with prejudice for failure to state a claim on April 24, 2009 (doc. 16)(a strike under 28 U.S.C. § 1915(g)).

Plaintiff filed this action on October 24, 2008.

## II. *In Forma Pauperis*

A prisoner who satisfies statutory standards may bring a lawsuit *in forma pauperis* without the prepayment of fees or security. 28 U.S.C. § 1915. Prisoners who repeatedly file meritless or malicious suits lose the privilege of filing *in forma pauperis*, however.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g) (sometimes referred to as the "three-strikes" provision).

Court records reveal that, pursuant to 28 U.S.C. § 1915(g), plaintiff became ineligible to proceed *in forma pauperis* on April 24, 2009, and thereafter will be required to submit the filing fee in full to proceed with any new case that he files. The three specific cases constituting a strike under § 1915(g) are (1) *Cramer v. Ty H. Warner*, 2:00-mc-00099-FCD-GGH; (2) *Cramer v. California Department of Justice*, 2:00-cv-02374-DFL-DAD PC; and (3) *Cramer v. Schwarzenegger*, 1:08-cv-01310-GSA PC. Section 1915(g) did not bar plaintiff from filing *in forma pauperis* when he filed

1 this action on October 24, 2008.

2     Even when § 1915(g) does not apply, "[a] district court may deny leave to proceed [*in forma*
3 *pauperis*] at the outset if it appears from the face of the complaint that the action is frivolous or
4 without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). An action is
5 frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th
6 Cir. 1984). Plaintiff's complaint, which alleges an assault in the course of an arrest for shoplifting, is
7 not apparently frivolous or meritless. Accordingly, the undersigned declines to revoke the prior order
8 permitting plaintiff to file this action *in forma pauperis* or to recommend that the District Court
9 revoke the order.

10 **III.    Vexatious Litigants**

11     Defendant Heller also urges this court to find plaintiff to be a vexatious litigant under
12 California Code (Civil Procedure) § 391(b)(1), which provides

> (b) "Vexatious litigant" means a person who does any of the following:
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (I) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

Local Rule 65.1-151(b) adopts Title 3A, part 2, of the California Code (Civil Procedure), relating to vexatious litigants, as part of its provisions addressing security for lawsuits. Because this action was filed on October 24, 2008, all cases that plaintiff filed after October 24, 2003, are relevant in determining whether plaintiff is a vexatious litigant. In this five-year period, five cases were dismissed without prejudice (two of these on plaintiff's motion), and one case was dismissed for failure to state a claim.

    Heller contends that plaintiff has satisfied the requirements for a vexatious litigant simply by bringing five cases that were dismissed within the past seven-year period: (1) *Cramer v. Tulare County Sheriff*, 1:04-cv-05834-REC-LJO; (2) *Cramer v. Christ*, 1:04-cv-06364-AWI-SMS; (3) *Cramer v. State of California*, 2:04-cv-02441-MCE-GGH; (4) *Cramer v. Bush*, 1:05-cv-00355-REC-DLB; and (5) *Cramer v. Schwarzenegger, 2:07-cv-00125-JKS-GGH*. He contends that, under California law, voluntarily dismissed cases count as adverse decisions for purposes of the state's

vexatious litigant statute. *Tokerud v. Capitolbank Sacramento*, 38 Cal.App.4th 775, 779 (Cal. App. 1995), *cert. denied*, 518 U.S. 1007 (1996). The California appellate court reasoned:

> An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion.

*Id.*

Federal courts have been more cautious in declaring plaintiffs vexatious litigants. "To maintain general access to the courts while safeguarding against abusively excessive litigation, a court must satisfy four prerequisites before entering a vexatious litigant order: '(1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantial findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.'" *Monaghan v. Trebex*, 35 Fed.Appx. 651, 651 (9th Cir.), *cert. denied*, 537 U.S. 974 (2002), *quoting O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). A court must make detailed findings sufficient to support its conclusion that the plaintiff's court actions are frivolous or harassing. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.), *cert. denied*, 498 U.S. 1001 (1990). Making such findings requires the court to examine both the number and content of the plaintiff's filings for frivolity, bad faith, or harassment. *Id.*

Although federal courts have the inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances," courts should rarely issue orders requiring the review of a litigant's pleadings before their filing. *De Long*, 912 F.2d at 1147, *quoting Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Because a pre-filing order such as the one Heller advocates interferes with the plaintiff's constitutional right of court access, it is "an extraordinary remedy that should be narrowly tailored and rarely used." *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). "An order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts] . . . . . while preserving the court from abuse." *Franklin*, 745 F.2d at 1231-32. Because a pre-filing order violates

the basic right of court access, it "cannot issue merely upon a showing of litigiousness." *Moy*, 906 F.2d at 470. The review of the plaintiff's claims must establish that they were both numerous and without merit. *Id.*

The undersigned submits that the district court need not reach the question of whether plaintiff's prior cases were sufficiently numerous and meritless to justify a finding of vexatiousness. To establish that plaintiff is a vexatious litigant from whom security must be required, the moving defendant must establish that "there is not a reasonable probability that [plaintiff] will prevail in the litigation against the moving defendant."  Cal. Code Civil Procedure § 391.1. Because Heller does not address this requirement, the court cannot analyze whether plaintiff is a vexatious litigant from whom bail must be required.

Based on the foregoing, the undersigned HEREBY RECOMMENDS that defendant Eric Heller's motion be denied in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fifteen (15) days after being served with these Findings and Recommendations, defendant Heller may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Heller is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 5, 2010**                  **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE