IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-CV-1693-OWW-SKO |
| Plaintiff, | **ORDER GRANTING MOTION TO QUASH SUBPOENAS** |
| vs. | |
| TARGET CORPORATION et al., | |
| Defendants. | |

**INTRODUCTION**

Matthew B. Cramer, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case arises out of Plaintiff's March 3, 2008, arrest for attempted theft from a Target store. Although Target Corporation ("Target") was initially named by Plaintiff as a defendant, upon initial screening, the Court did not authorize service of the Complaint on Target. See 28 U.S.C. § 1915A (requiring the court to review a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee). Accordingly, Target is not a party to this action. On October 16, 2010, Plaintiff issued twelve subpoenas requesting the production of various documents, four of which requested documents from Target. Target requests that this Court quash the four subpoenas.

**LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides that every subpoena

must:

    (i)     state the court from which it issued;
    (ii)    state the title of the action, the court in which it is pending, and its civil-action number;
    (iii)   command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
    (iv)    set out the text of Rule 45© and (d).

Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

A subpoena must be signed and issued by either: (1) the clerk of the court or (2) an attorney, as an officer of the court. See Fed. R. Civ. P. 45(a)(3)(A)-(B). Once a subpoena is issued, it must be served properly and within the requirements set forth in Rule 45(b). A subpoena may be served at any place "outside the district *but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection.*" Fed. R. Civ. P. 45(b)(2)(B) (emphasis added).

Upon a timely motion to quash, the issuing court must quash or modify a subpoena that:

    (i)     fails to allow a reasonable time to comply;
    (ii)    requires a person who is neither a party nor a party's officer to travel more than 100 miles . . .
    (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

## DISCUSSION

**A.**   **Plaintiff's Subpoenas were Improperly Issued and Served**

Target asserts that four of twelve subpoenas issued by Plaintiff are procedurally invalid because they were not properly issued or served. Target requests that these four subpoenas be quashed. Each of the four challenged subpoenas is procedurally invalid for a number of reasons.

First, Fed. R. Civ. P. 45(a)(3) requires that a subpoena be either issued and signed by the clerk of the court or an attorney. Here, the subpoenas were signed by "Matthew Cramer Attorney for the Plaintiff." Although Plaintiff is representing himself, Plaintiff Cramer is not admitted to practice law, and as such, is not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P. 45(a)(3).

Second, Fed. R. Civ. Pro. 45(a)(1)(A)(iv) requires that every subpoena must "set out the text of

1 Rul e 45(c) and (d)." Subpoenas 1, 2, and 4 do not provide the text required by Rule 45.  Third, to the
2 extent that Plaintiff attempted to serve subpoenas 1, 2, and 3 on Target in Minneapolis, Minnesota, and
3 requested that production take place in Sacramento, California, those subpoenas improperly command
4 that production take place outside the 100 mile limit and, therefore, violate Fed. R. Civ. P. 45(b)(2)(B).
5  Fourth, it appears from the various proofs of service that Plaintiff attempted to serve the subpoenas
6 himself through the mail.   Fed. R. Civ. P. 45(b)(1) provides that a party may not serve a subpoena.
7 Moreover, subpoenas are to be personally served, not served by mail.  Fed. R. Civ. P. 45(b)(1).

8       For all of the foregoing reasons, the challenged subpoenas must be quashed.

9 **B.     Plaintiff's Requests for Production are Overly Broad**

10       As Target is a not a party to this action, to properly compel the production of documents from
11 Target, Plaintiff should file a motion for issuance of a subpoena duces tecum.  However, Plaintiff is
12 cautioned that a party responsible for the issuance and service of a subpoena has a duty to avoid
13 imposing undue burden or expenses on a person subject to a subpoena, and the Court is required to
14 enforce this duty.  Fed. R. Civ. P. 45(c)(1).  To avoid imposing undue burden or expense, the Court will
15 require additional information from Plaintiff before directing the clerk to issue a subpoena upon such
16 a motion.

17       In its motion, Target  asserts that the subpoenas are overly broad and request irrelevant,
18 protected, and confidential information.   As currently drafted, Plaintiff's subpoena requests are too
19 broad.  Some of the production demands appear to request irrelevant information as well as confidential
20 and privileged information.  Should Plaintiff choose to file a motion for issuance of a subpoena duces
21 tecum, Plaintiff must submit a written request which specifies exactly what documents he is seeking and
22 from whom.  The request must be specific enough to determine what plaintiff seeks and may not be a
23 broadly stated request that amounts to a fishing expedition.  In other words, Plaintiff should state how
24 he thinks the requested records are relevant, and what they might tend to prove or show to support his
25 claims.

26 **CONCLUSION**

27     For the above stated reasons, the Court quashes  subpoenas 1, 2, 3 and 4 that demand production
28 of documents.

Accordingly, IT IS HEREBY ORDERED that:

Target Corporation's Motion to Quash Subpoenas is GRANTED, and the four subpoenas challenged by Target Corporation are hereby quashed.

IT IS SO ORDERED.

**Dated:   May 3, 2010**                             /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE