IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-CV-1693-OWW-SKO |
| Plaintiff, | **ORDER DENYING MOTION FOR TARGET CORPORATION TO PROVIDE INFORMATION TO U.S. MARSHAL** |
| vs. | |
| TARGET CORPORATION et al., | (Doc. 35 & 57) |
| Defendants. | |

**INTRODUCTION**

Matthew B. Cramer, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 8, 2009, the Court found that service of the First Amended Complaint ("FAC") was appropriate on defendants Michael J. Yant, Eric Heller, and Tulare Police Officer Greg Barrios. The Court directed the clerk to forward the appropriate service documents to the U.S. Marshal and directed the U.S. Marshal to serve the FAC. The summons as to Mr. Yant was returned unexecuted on October 7, 2009. The instructions for service on the summons stated that Mr. Yant is a "loss prevention officer at Target Super Store." The remarks on the unexecuted summons indicated that Mr. Yant is no longer employed with Target Corporation ("Target") and service could not be completed.

On November 4, 2009, Plaintiff filed a motion with the Court requesting that Target provide Plaintiff with the forwarding address of its former employee, Mr. Yant, so that service of the FAC could be accomplished. On November 12, 2009, Plaintiff served a subpoena on Defendant Target attempting to compel employment records related to Mr. Yant. That subpoena was quashed pursuant to Target's motion because it was improperly issued and served. In its Motion to Quash, Target

1

objected to Plaintiff's November 4, 2009, request that Target provide the U.S. Marshal with information about Michael Yant's location, stating that Mr. Yant "is no longer an employee of Target and his current address is no more available to Target than it is to plaintiff."

On February 22, 2010, Plaintiff filed a "supplemental motion" clarifying that Plaintiff personally did not wish to receive any information regarding the whereabouts of Mr. Yant, but instead requested that Target provide the U.S. Marshal with this information so that the summons and the FAC could be served upon Mr. Yant. It is this motion that is currently pending before the Court.

## LEGAL STANDARD

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Where a pro se plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker v. Summer,* 14 F.3d 1415, 1421-22 (9th Cir. 1994).

## DISCUSSION

In this case, Plaintiff does not have any information regarding the location of Michael J. Yant. Where a Plaintiff provides the U.S. Marshal with sufficient information to effectuate service, and the Court has ordered such service, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). However, where the U.S. Marshal has insufficient information to locate a person for purposes of service, the U.S. Marshal has no additional duty under these circumstances to investigate where that person might be found. *Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to

show he had provided Marshal with sufficient information to effectuate service). It is up to Plaintiff to provide the current location of Michael J. Yant such that service may be effectuated. Plaintiff might accomplish this through a properly issued subpoena duces tecum, by completing a request for public records pursuant to the California Public Records Act, or by any other means, including an electronic search, available to Plaintiff.

The complaint has not been served within the 120-day requirement of Fed. R. Civ. P. 4(m). However, the Court will give Plaintiff an additional forty-five (45) days to provide the Court with the accurate and current location of Michael J. Yant such that the U.S. Marshal will be able to effect service upon him. Failure to do so within forty-five (45) days of the date of service of this order will result in the dismissal of the claims against defendant Yant. *See* Fed. R. Civ. P. 4(m) (recognizing that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause").

## **CONCLUSION**

For the above stated reasons, the Court denies Plaintiff's request that Target be compelled to provide information to the U.S. Marshal for purposes of service of a summons and the FAC.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for Target to supply information to the U.S. Marshal regarding the location of former employee Michael J. Yant at Docket Nos. 35 and 57 is DENIED.

2. Plaintiff has forty-five (45) days from the date of service of this order to provide the Court with any and all information he has to help the U.S. Marshal identify and serve defendant Michael J. Yant.

IT IS SO ORDERED.

**Dated:   May 5, 2010**                             /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE