1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  MATTHEW B. CRAMER,                         CASE NO.   1:08-cv-01693-OWW-SKO

12              Plaintiff,                     **FINDINGS AND
                                               RECOMMENDATIONS THAT
13      v.                                     DEFENDANT BARRIOS' MOTION
                                               TO DISMISS BE DENIED**
14  TARGET CORPORATION, et al.,
                                               DOCKET NO. 59
15              Defendants.
                                               OBJECTIONS  DUE:  20 DAYS
16  _____/

17

18                          **I.  INTRODUCTION**

19      Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with

20  an action for damages and other relief concerning alleged civil rights violations pursuant to 42

21  U.S.C. § 1983.  Plaintiff filed his original complaint on November 7, 2008.  On December 9,

22  2008, the complaint was dismissed with leave to amend.  On February 17, 2009, Plaintiff filed a

23  First Amended Complaint ("FAC").  In Plaintiff's FAC, he seeks compensatory and punitive

24  damages from Michael J. Yant ("Yant") and Eric Heller ("Heller"), two employees of Target

25  Corporation ("Target"), an unnamed defendant referred to as the manager of the Target store, and

26  Tulare Police Officer Greg Barrios ("Barrios").

27      Specifically, Plaintiff alleges that he was detained and injured by defendants Yant and

28  Heller outside the Target store, and that Barrios witnessed the infliction of those injuries.  FAC at

4. Plaintiff asserts that Barrios allowed Defendants Yant and Heller, Target's "asset protection" security officers, to bring Plaintiff back into the store after he was injured so that he could be "interrogated." *Id.* Plaintiff avers that Barrios accompanied Defendants Yant and Heller into the store along with Plaintiff who requested medical attention. *Id.* Plaintiff asserts that Barrios then left Plaintiff with Defendants Yant and Heller for more than two hours for purposes of "interrogation," knowing that Plaintiff required medical assistance. *Id.* Plaintiff contends that when Barrios returned to Target to collect Plaintiff, Barrios transferred Plaintiff "from Target personnel office to Tulare District Hospital with a noted 'shattered collarbone.'" FAC at 4.

Plaintiff asserts that he sustained injuries as the result of this allegedly unlawful detention, was subjected to cruel and unusual punishment in the form of deliberate indifference to his medical needs, and suffered the infliction of physical and emotion abuse through the use of excessive force.

On May 4, 2009, Magistrate Judge Sandra M. Snyder issued Findings and Recommendations that certain claims be denied with prejudice, but found that Plaintiff stated a cognizable Section 1983 claim for deliberate and indifferent delay in medical treatment and recommended that the FAC be served on Defendants Heller, Yant, and Barrios. *See* Findings and Recommendations, Docket No. 11. On June 8, 2009, District Judge Oliver W. Wanger ordered that these Findings and Recommendations be adopted in full. *See* Order Adopting Findings and Recommendations in Full, Docket No. 15. Accordingly, Plaintiff's claims for wrongful arrest, detention, accusation, or conviction were dismissed without leave to amend. *Id.* The only claim that the Court found cognizable pertained to Defendants Heller, Yant, Barrios, and Defendant Doe for deliberately indifferent delay or deprivation of medical care in violation of Plaintiff's federally protected rights. *Id.* The Court ordered that those Defendants be served with the FAC. *Id.*

## II.   DISCUSSION

### A.   Legal Standard – 12(b)(6) Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, a court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to

1   the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v.*

2   *Trustees of Rex Hosp.*, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); *Jenkins v.*

3   *McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404, *reh'g denied*, 396 U.S. 869, 90

4   S. Ct. 35, 24 L. Ed. 2d 123 (1969). "Rule 8(a)'s simplified pleading standard applies to all civil

5   actions, with limited exceptions," none of which applies to section 1983 claims. *Swierkiewicz v.*

6   *Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); Fed. R. Civ. P. 8(a).

7   Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

8   showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Detailed factual

9   allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

10  supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

11  1949, 173 L. Ed. 2d 868 (2009), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

12  S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiff must set forth "sufficient factual matter,

13  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

14  (quoting *Twombly*, 550 U.S. at 555).

15          While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct.

16  at 1949. The statement must "give the defendant fair notice of what the plaintiff's claim is and

17  the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation omitted). A

18  court may dismiss a complaint only if it is clear that no relief could be granted under any set of

19  facts that could be proven consistent with the allegations. *Id.* at 514. "The issue is not whether a

20  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

21  the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

22  unlikely but that is not the test." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

23  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). Where, as here,

24  the plaintiff is pro se, the complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519,

25  92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (holding pro se complaint, "however inartfully pleaded,"

26  must be held to "less stringent standards than formal pleadings drafted by lawyers").

27          Under the Prison Litigation Reform Act ("PLRA"), the Court has a statutory duty to

28  screen complaints in cases such as this and dismiss any claims that fail to state a claim upon

1   which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Given the

2   requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to

3   dismiss for failure to state a claim.

4   **B.    Analysis**

5       When a court "screens" the complaint, it applies the same Rule 12(b)(6) standard to the

6   allegations that Barrios requests that the Court apply pursuant to his motion to dismiss.  Due to

7   the screening of the FAC, the Court has already determined that Plaintiff's FAC states a claim

8   upon which relief can be granted.  *See* Findings and Recommendations, Docket No. 11; Order

9   Adopting Findings and Recommendations in Full, Docket No. 15.

10       In its order, the Court specifically found that with respect to Barrios, "Plaintiff has stated

11   a cognizable claim . . . for deliberately indifferent delay or deprivation of medical care in

12   violation of Plaintiff's federally protected rights."  *See* Findings and Recommendations, Docket

13   No. 11; Order Adopting Findings and Recommendations in Full, Docket No. 15.  The Court also

14   explicitly found that Plaintiff did not state claims for wrongful arrest, detention, accusation, or

15   conviction and determined that those claims should be dismissed without leave to amend because

16   they were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Findings and

17   Recommendations, Docket No. 11; Order Adopting Findings and Recommendations in Full,

18   Docket No. 15.

19       **1.    Legal Standard – Fourteenth Amendment Violation**

20       Claims for failure to provide adequate care for serious medical needs, when brought by a

21   detainee who, at the time of the alleged conduct, has been neither charged nor convicted of a

22   crime, are analyzed under the substantive due process clause of the Fourteenth Amendment

23   rather than the Eighth Amendment.  *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir.

24   2003); *Gibson v. County of Washoe*, 209 F.3d 1175, 1185-86 (9th Cir. 2002); *Frost v. Agnos*, 152

25   F.3d 1124, 1128 (9th Cir. 1998).  The Fourteenth amendment "imposes, at a minimum, the same

26   duty the Eighth Amendment imposes: persons in custody have the established right to not have

27   officials remain deliberately indifferent to their serious medical needs." *Gibson*, 290 F.3d at

28   1187 (internal quotation omitted).  Thus, Eighth Amendment standards are utilized in evaluating

the claims of pretrial detainees.  *See Lolli*, 351 F.3d at 419; *Frost*, 152 F.3d at 1128.

To prove an inadequate medical care claim, a plaintiff must show that he was: (1) confined under conditions posing a risk of serious harm; and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care – i.e., the officials acted with deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Lolli*, 351 F.3d at 419.  A medical need is serious if the failure to treat the detainee's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Under the deliberate indifference standard, a defendant will be liable for denying medical care only if he "knows of and disregards an excessive risk to [a detainee's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Lolli*, 351 F.3d at 419.  The indifference to serious medical needs must be "substantial" and "[m]ere indifference, negligence, or medical malpractice" is insufficient.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (internal quotations omitted).  "In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he must also draw that inference.'" *Lolli*, 351 F.3d at 419 (quoting *Gibson*, 290 F.3d at 1187).  Deliberate indifference may be shown by direct or circumstantial evidence.  *Lolli*, 351 F.3d at 419.  When a defendant is actually aware of a substantial risk of serious harm, deliberate indifference may be reflected through either action or inaction such as denial, delay, or intentional interference with medical treatment.  *Id*.; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

### 2.    Plaintiff's Allegations Are Adequate to State A Section 1983 Claim

Based upon a review of Defendant Barrios' moving papers, it appears that he did not review the Court's screening order prior to filing his motion to dismiss.  In its order, the Court found that the only cognizable claim stated against Barrios is a Section 1983 claim for deliberate indifferent delay or deprivation of medical care.  Barrios' motion makes various inapposite arguments that Plaintiff has failed to plead how Barrios caused his injuries, that a police officer cannot be held liable for failure to make an arrest, that Barrios cannot be held liable for Plaintiff's

1   resisting arrest, and that Barrios cannot be held liable for failure to provide police protection.

2   Defendant's Motion (Mot.) To Dismiss at 4-7.  These arguments are not relevant or applicable to

3   Plaintiff's section 1983 claim.

4        With regard to Plaintiff's Section 1983 claim, Barrios argues that Plaintiff has failed to

5   adequately plead deliberate indifference.  In the Court's screening order, it specifically found that

6   Plaintiff alleged not only that Barrios acted in concert with Target Defendants Yant and Heller,

7   but that Barrios knew that Yant and Heller had assaulted Plaintiff and caused serious, obvious

8   injuries that required medical attention.  Findings and Recommendations at 14:21-26.  The First

9   Amended Complaint states that Barrios allowed Yant and Heller to "drag" Plaintiff "back into the

10  store with noted injuries to be interrogated."  FAC at 4.  Plaintiff also asserts that Barrios did not

11  take him into custody at that time, even though "Plaintiff demanded medical attention due to

12  broken collarbone (it was that obvious of my injury)."  FAC at 4.  Therefore, Plaintiff alleges that

13  he had a serious medical condition (a broken collar bone) that was causing him pain, that Barrios

14  knew that he was injured and was aware of the seriousness of the injury, and that Plaintiff had

15  asked Barrios for medical treatment, but Barrios refused to take him to the hospital and instead

16  left him with Defendants Heller and Yant for two hours.  This is sufficient under the notice

17  pleading standards of Fed. R. Civ. P. 8 to adequately state a Section 1983 claim for deliberate

18  and indifferent delay of medical treatment.  *See* *Estelle v. Gamble*, 429 U.S. at 105 (deliberate

19  indifference to a prisoner's serious illness or injury states a cause of action under section 1983).

20  Further, Barrios does not assert what the Court overlooked or misunderstood as to any of the

21  issues of law or fact with regard to the Court's screening of the FAC.  Accordingly, the Court

22  recommends that Barrios' Motion to Dismiss Plaintiff's complaint for failure to state a claim be

23  denied.

24                          III.  **CONCLUSION**

25        Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Barrios'

26  motion to dismiss be denied.  These Findings and Recommendations will be submitted to the

27  United States District Judge assigned to the case, pursuant to the provisions of Title 28 of the

28  United States Code Section 636(b)(1).

Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 2, 2010**                    _____ **/s/ Sheila K. Oberto** _____
                                                        UNITED STATES MAGISTRATE JUDGE