# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693 OWW-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED** |
| v. | |
| TARGET CORPORATION et al., | DOCKET NO. 67 |
| Defendants. | OBJECTIONS DUE:   30 DAYS |

## I.   INTRODUCTION

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest."  See Motion for Preliminary Injunction, Docket No. 67, at 2:23. In his complaint, Plaintiff asserted that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft and the responding officer who arrested him.[1]

On December 9, 2008, Plaintiff's complaint was dismissed, and he was granted thirty (30)

---

[1] In the caption of his original complaint, Plaintiff named Target Corporation as a defendant. However, when Plaintiff filled out the form complaint, he alleged claims only against Michael J. Yant, Eric Heller, Officer Greg Barrios, and "John/Jane Doe . . . Manager of [Target] Store." See Complaint, Docket No. 1. Thus, Target Corporation is not a party to this action.

days leave to amend.  *See* Order Dismissing Complaint, Docket No. 5.

On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC").  The FAC was again screened pursuant to 28 U.S.C. § 1915A(a).  Magistrate Judge Sandra M. Snyder issued Findings and Recommendations concluding that Plaintiff stated a cognizable claim against Defendants Heller, Yant, Officer Barrios ("Barrios"), and Defendant Doe (Target supervisor) for a "Deliberately Indifferent Delay or Deprivation of Medical Care."  The Court recommended that service be deemed appropriate with regard to these individuals.  Magistrate Judge Snyder recommended that Plaintiff's claims for wrongful arrest, detention, accusation, or conviction be dismissed without leave to amend.  On June 8, 2009, the Findings and Recommendations were adopted by District Judge Oliver W. Wanger.  On October 10, 2009, the Court issued an order determining that service was also appropriate on "Clevon Wheaton,"[2] who was previously designated as "John Doe," and who is apparently the manager of the Target store where Plaintiff was arrested.  *See* Order Determining Service Is Appropriate, Docket No. 24.

The core allegations of Plaintiff's complaint center on what occurred outside the Target store after Plaintiff was approached by two Target store "asset protection" employees, Heller and Yant.  Heller and Yant apparently confronted Plaintiff because of Plaintiff's theft inside the store, and detained him in a manner allegedly resulting in injury.  Plaintiff asserts that Barrios, who was allegedly on the scene at the time, witnessed Plaintiff being injured and understood that Plaintiff was seriously hurt.  Plaintiff contends that he asked Barrios to take him to the hospital.  Plaintiff avers that Barrios left him at the Target store and did not return for approximately two (2) hours.  It was only then that Plaintiff was taken to the hospital where his broken clavicle was diagnosed and treated.

On March 26, 2010, Plaintiff filed a "Motion for Preliminary Injunction Ordering Target Corporation et al. to Preserve All Video Surveillance."[3]  In his Motion, Plaintiff requests that the

---

[2] Plaintiff erroneously named "Clebo Wheatly" as "Clevon Wheaton."

[3] Concurrent with the present motion, Plaintiff also filed two documents entitled a "Notice of Motion for Access to the Media" and a "Notification for the Record of Defendant Heller's Admission of Plaintiff's Injury."  *See* Docket Nos. 68 and 69, respectively.  Defendants Heller and Wheatly responded to all of Plaintiff's March 25, 2010, filings in their joint opposition to Plaintiff's Motion for a Preliminary Injunction.  *See* Defendant's Opposition and

1 Court issue an order directing "Target Defendants et. al." to preserve any and all surveillance videos or documents from March 2, 2008, through March 5, 2008. *See* Plaintiff's Motion (Mot.) at 2:2-3.

On April 15, 2010, Defendants Heller and Wheatly filed an opposition to Plaintiff's Motion for a Preliminary Injunction. On April 26, 2010, Plaintiff filed a reply to Defendants' opposition. In their opposition to Plaintiff's motion, Defendants Heller and Wheatly argue the motion is moot because all video surveillance footage of the day of the incident was provided to Plaintiff through his attorney, Jim Richards. Defendant's Opposition (Opp.) at 3:1-4; Declaration of Eric Heller ("Heller Decl.") at ¶ 5. Defendants assert that no other video footage exists that pertains to plaintiff from the relevant time period. Defendant's Opp. at 3:19-20; *see* Heller Decl. at ¶ 5 (stating three video surveillance files of Plaintiff at the Target store on March 2, 2008, and March 3, 2008, were preserved and produced to all parties in the case). Plaintiff maintains that this is untrue and that there must be surveillance video of the events that occurred outside the store and after he was returned to the store for "interrogation," but that he has not been provided with that footage.

## II. DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 65 permits the issuance of a preliminary injunction to preserve the positions of the parties until a full trial can be conducted. *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1158 (9th Cir. 2006) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981)). In all cases, the burden of persuasion is on the party seeking injunctive relief. *West Point-Pepperell, Inc. v. Donovan*, 689 F.2d 950, 956 (11th Cir. 1982).

A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural*

---

Supporting Declaration of Eric Heller, Docket Nos. 74 and 75, respectively.

1 *Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

**B.      Analysis**

As an initial matter, Defendant Yant has not yet been served with the FAC and the Court has no jurisdiction to enjoin a defendant not yet served or before the court. *Zepeda v. U. S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1984). Accordingly, the preliminary injunction with regard to Defendant Yant should be denied.

### 1.      Mootness of Injunction with Regard to Videotape

Plaintiff requests that a preliminary injunction be issued to preserve video surveillance tapes related to Plaintiff's arrest at Target. Defendants Heller and Wheatly argue that all relevant video footage has been provided to Plaintiff's attorney, thereby rendering Plaintiff's motion moot. On March 25, 2010, Plaintiff filed an additional motion requesting that the Court issue an order authorizing him to release any video footage he has from Target to the media. Plaintiff's "Motion for Access to The Media," Docket No. 68.[4] In this motion, Plaintiff acknowledges that his attorney, Mr. Richards, received the Target surveillance tapes related to Plaintiff, but that Plaintiff has not viewed them. *Id*. at 2:23-24. In light of Plaintiff's concession that video footage related to his incident was received from Defendants and Defendant Heller's declaration that all video footage was provided to Plaintiff, this portion of Plaintiff's motion for injunctive relief is moot. *See, e.g., Mester v. Igbinosa*, No. 1:07-cv-698 ALA PC, 2008 WL 72844, at *1 (E.D. Cal. 2008) (requested relief provided rendered motion moot).

Although Plaintiff may believe that other video surveillance tapes exist, there is no evidence to support his belief. Defendants' failure to discuss any video of the premises outside the Target store at the time Plaintiff was detained by Target personnel or inside the store where he was questioned is not an indication that they are hiding the evidence; it is an indication that no such video exists. This is especially true in light of Defendant Heller's declaration stating that the video surveillance of Plaintiff on March 2, 2008, and March 3, 2008, has already been provided to him, and Defendants' assertion in their motion that all video footage of Plaintiff at

---

[4] Plaintiff's Motion for Access to The Media, Docket No. 68, will be decided by the Court is a separate order.

the Target Store was produced.  *See* Heller Decl., ¶ 5; Defendant's Opp. 3:1-4.

### 2. The Court Recommends that Plaintiff's Motion for Preliminary Injunction Be Denied

Assuming, arguendo, that Plaintiff's request for a preliminary injunction with regard to the video is not moot and because Plaintiff has requested a preliminary injunction enjoining defendants from destroying documents related to his incident, the Court considers Plaintiff's request on its merits.

#### a. The Likelihood of Success on the Merits Is Low

Plaintiff also requests that a preliminary injunction be issued with regard to any paper documentation related to the March 3, 2008, incident at the Target store.  Plaintiff's claim against Defendants asserts deliberate and indifferent delay in providing him with medical treatment after he was detained by Target personnel and Barrios.  Police officers have a constitutional duty not to remain deliberately indifferent to the need for medical treatment of an individual in their custody.  *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  While claims of pretrial detainees arise under the due process clause, the Eighth Amendment guarantees a minimum standard of care.  *Id.*  To prevail on an Eighth Amendment claim of medical mistreatment, the detainee must show that the officer was deliberately indifferent to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).  To establish deliberate indifference, a plaintiff must demonstrate that the officer was: (1) subjectively aware of the serious medical need, and (2) failed to adequately respond.  *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994).

In this case, beyond the allegations in Plaintiff's FAC, there is no indication that Defendants had a subjective knowledge that Plaintiff had a serious medical need at the time he was confronted and detained by Target personnel.  Barrios' police report attached to Plaintiff's FAC indicates that he witnessed Plaintiff being detained outside the store by Target personnel.  However, the report does not indicate that Barrios subjectively understood that Plaintiff had a serious medical condition.  Plaintiff has provided no additional evidence to show how Defendants knew Plaintiff had a serious medical injury.  *Farmer*, 511 U.S. at 842 ("Whether [an]

official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.").

Other than Plaintiff's assertions that Defendants were aware of his injury at the time it occurred, there is no circumstantial evidence or argument that supports his claim. There is no indication that Plaintiff's broken collar bone was visible to Defendants or that Plaintiff was exhibiting symptoms associated with a serious medical condition. Plaintiff argues that because he was given a band-aid for his self-induced cut finger, Defendants were aware of an injury. However, Plaintiff's cut finger does not appear to rise to the level of a "serious medical condition," especially if it was treatable by a band-aid. This analysis is not a dispositive determination of the merits of the claim and no formal discovery has been taken in this matter; as it stands, however, it does not appear that plaintiff is likely to succeed on the merits of his claim. Accordingly, this factor does not weigh in favor of granting injunctive relief.

        **b.**      **Irreparable Harm Is Unlikely To Occur**

Plaintiff has failed to establish that any evidence – electronic or paper documents – is in danger of being destroyed; therefore, there appears to be no danger of irreparable harm to Plaintiff. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980) (movant must do more than allege imminent harm, he must demonstrate immediate threatened injury). Further, even if video was destroyed at the Target store, Plaintiff has apparently been provided a copy of all video taken at the Target store related to him. Moreover, as parties to a lawsuit, Defendants are required by law to preserve any evidence that relates to this case and there is no indication that they have failed to do this. *See Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 593 F.Supp. 1443, 1445 (C.D. Cal. 1984) (litigant under duty to keep or retain evidence in his or her possession). Accordingly, Plaintiff has not met his burden of showing that he will suffer irreparable harm if his request for injunction is not granted.

        **c.**      **Balance of the Harms Does Not Favor Plaintiff**

As previously noted, Defendants are under a duty to preserve evidence. *Id.* Enjoining Defendants from destroying evidence that they are already under a duty to preserve does not

6

1  present a hardship to them. In considering Plaintiff's risk of harm, however, there is no
2  indication that any evidence has been or will be destroyed (i.e., that Target Corporation requires
3  document or electronic video destruction after a certain period of time). Further, because
4  Plaintiff has apparently been provided with all video surveillance taken of him at the Target
5  store, Plaintiff is not likely to suffer harm if his request for injunction is denied. Accordingly,
6  the balance of harm does not tip in Plaintiff's favor. *See Winter*, 129 S. Ct. at 375 (plaintiffs
7  seeking injunctive relief are required to show that irreparable injury is likely in the absence of an
8  injunction).

### d. Public Interest Is Not Implicated

10  Plaintiff appears to argue that it is in the public interest to have the in-store Target
11  surveillance video related to him preserved through an injunction. He asserts that the video will
12  show the extent to which his finger bled (which he cut while attempting to steal merchandise) in
13  the store on the night he was arrested and will expose Target's lack of appropriate clean up, and
14  how Target practices and procedure endanger the public health. *Sammartano v. First Judicial*
15  *Dist Ct.*, 303 F.3d 959, 974 (9th Cir. 2002) ("The public interest inquiry primarily addresses [the]
16  impact on non-parties rather than parties."). As the Supreme Court has held, courts of equity
17  should "pay particular regard for the public consequences in employing the extraordinary remedy
18  of injunction." *Winter*, 129 S.Ct. at 376-77. Plaintiff has provided absolutely no evidence from
19  which it can be inferred that Target did not properly clean up after his finger injury or that Target
20  has caused, or continues to cause a risk to public health – Plaintiff's allegation is merely
21  conjecture. Target is not a party to this litigation and Plaintiff is attempting to use an injunction
22  as a method to obtain evidence of wrongdoing on the part of a nonparty – conduct which is
23  completely unrelated to the underlying matter.

### III. CONCLUSION

25  First, all Target surveillance videotapes relevant to Plaintiff's incident have apparently
26  been provided to Plaintiff, thereby rendering his request for the videotapes moot. Second, with
27  regard to enjoining Defendants from destroying any Target records or documentation relating to
28  him, Plaintiff has failed to make a clear showing that a preliminary injunction is warranted.

1  Plaintiff has not demonstrated a likelihood of success on the merits of his claim; he has not
2  established that any documents or videos are at risk of being destroyed and he would suffer
3  irreparable harm in the absence of an injunction; the balance of hardships does not tip in
4  Plaintiff's favor; and there is no public interest at stake.  For all the foregoing reasons, it is
5  recommended that Plaintiff's Motion for a Preliminary Injunction be denied.

7       Accordingly,  IT IS HEREBY RECOMMENDED that Plaintiff's March 25, 2010, motion
8  for a preliminary injunction be denied.
9       These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days
11 after being served with these findings and recommendations, any party may file written
12 objections with the Court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within ten (10) days after service of the objections.  The parties are
15 advised that failure to file objections within the specified time may waive the right to appeal the
16 District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 IT IS SO ORDERED.
19 **Dated:   June 2, 2010**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE