# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:08-cv-01693-OWW-SKO<br><br>ORDER ON REQUEST FOR JUDICIAL NOTICE AND PLAINTIFF'S MOTION "FOR ACCESS TO THE MEDIA"<br><br>DOCKET NOS. 68, 69 |

## I. INTRODUCTION

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest." *See* Motion for Preliminary Injunction, Docket No. 67, at 2:23. In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft, and the responding officer who arrested him.[1]

On December 9, 2008, Plaintiff's complaint was dismissed, and he was granted thirty (30) days leave to amend. *See* Order Dismissing Complaint, Docket No. 5.

On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC"). The FAC was again screened pursuant to 28 U.S.C. § 1915A(a). Magistrate Judge Sandra M. Snyder issued

---

[1] In the caption of his original complaint, Plaintiff named Target Corporation as a defendant. However, when Plaintiff filled out the form complaint, he alleged claims only against Michael J. Yant, Eric Heller, Officer Greg Barrios, and "John/Jane Doe . . . Manager of [Target] Store." *See* Complaint, Docket No. 1. Thus, Target Corporation is not a party to this action.

1

Findings and Recommendations concluding that Plaintiff stated a cognizable claim against Defendants Heller, Yant, Officer Barrios ("Barrios"), and Defendant Doe (Target supervisor) for a "Deliberately Indifferent Delay or Deprivation of Medical Care."  The Court recommended that service be deemed appropriate with regard to these individuals.  Magistrate Judge Snyder recommended that Plaintiff's claims for wrongful arrest, detention, accusation, or conviction be dismissed without leave to amend.  On June 8, 2009, the Findings and Recommendations were adopted by District Judge Oliver W. Wanger.  On October 10, 2009, the Court issued an order determining that service was also appropriate on "Clevon Wheaton,"[2] who was previously designated as "John Doe," and who is apparently the manager of the Target store where Plaintiff was arrested.  *See* Order Determining Service Is Appropriate, Docket No. 24.

The core allegations of Plaintiff's complaint center on what occurred outside the Target store after Plaintiff was approached by two Target store "asset protection" employees, Heller and Yant.  Heller and Yant apparently confronted Plaintiff because of Plaintiff's theft inside the store, and detained him in a manner allegedly resulting in injury.  Plaintiff asserts that Barrios, who was allegedly on the scene at the time, witnessed Plaintiff being injured and understood that Plaintiff was seriously hurt.  Plaintiff contends that he asked Barrios to take him to the hospital.  Plaintiff avers that Barrios left him at the Target store and did not return for approximately two (2) hours.  It was only then that Plaintiff was taken to the hospital where his broken clavicle was diagnosed and treated.

## II.  REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that this Court take judicial notice of certain statements made by Defendant Heller and his attorney, Mr. Balogh, in declarations they submitted to the Court (Docket No. 69).  Specifically, Plaintiff asks that the Court take judicial notice of Defendant Heller's statement in his January 21, 2010, declaration that "[a]t the time of his apprehension by Target security, plaintiff had a preexisting cut on his hand, which was bleeding."  *See* Declaration (Decl.) of Eric Heller, Docket No. 53, at 2:1-2.  Plaintiff also requests that the Court

---

[2] Plaintiff erroneously named "Clebo Wheatly" as "Clevon Wheaton."

take judicial notice of Mr. Balogh's statement in his January 21, 2010, declaration to the Court. In his declaration, Mr. Balogh states that:

> Security video footage from the night of March 3, 2008[,] at approximately 7:00 p.m. shows plaintiff cut himself while attempting to remove merchandise from its container.  The video then shows plaintiff attempting to conceal the puddle of blood that formed on the bottom shelf of the merchandise display case.  Plaintiff is seen in the video placing a piece of merchandise over the puddle of blood.

*See* Decl. of Balogh, Docket No. 52, at 2:7-11.

The Federal Rules of Evidence Rule 201(b) provides that:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The Court may take judicial notice that Mr. Balogh and Defendant Heller filed declarations on January 21, 2010.  The Court may also take judicial notice that the statements quoted above were included in those declarations.  The Court may not, however, take judicial notice of the truth of the facts asserted in those declarations.  Defendant Heller and Mr. Balough swore to the truth of those statements under penalty of perjury.  Those facts, however, are neither capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, nor generally known within the jurisdiction of the Court.  Fed. R. Evid. 201(b).  In other words, those statements may be admissible evidence and treated as party admissions under the Federal Rules of Evidence, but the Court need not declare them judicially noticed to have that effect.

Thus, the Court hereby takes judicial notice that (1) Mr. Balogh and Defendant Heller each filed declarations on January 21, 2010, contained on the Court's Docket at Nos. 52 and 53, respectively; and (2) Mr. Balogh and Defendant Heller made the statements in their declarations that are quoted above.  The Court does not take judicial notice of the truth of any statement of fact contained in the declaration of either Mr. Jason Balogh, or Defendant Heller.

### III.  PLAINTIFF'S "MOTION FOR ACCESS TO THE MEDIA"

Plaintiff has been provided surveillance store video from Target Corporation ("Target") relevant to the matter pending before the Court.  Plaintiff seeks permission from the Court to

1  release this video to the media because he asserts it shows Target's failure to properly clean up
2  the blood Plaintiff spilled after he cut himself attempting to steal merchandise from Target.
3        Courts have long recognized a "common law right of public access to judicial
4  documents." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).[3] The
5  fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively
6  public, but this presumption may be overcome where "good cause" is shown. *San Jose Mercury*
7  *News, Inc. v. U.S. Dist. Ct., Northern Dist.*, 187 F.3d 1096, 1106 (9th Cir. 1999). There has been
8  no protective order issued with regard to discovery in this case, and this matter has not been
9  sealed. The Court notes that Defendants have not stated a countervailing interest that would
10 overcome the presumption that pretrial discovery can be made public, and they do not claim that
11 the video is confidential or subject to a privilege. There is nothing that affirmatively prevents
12 Plaintiff from releasing the videotape to a third party, and no order of the Court is required for
13 Plaintiff to do so. Beyond this acknowledgment, Plaintiff's motion seeks no affirmative relief
14 that can be granted or denied. Therefore, Plaintiff's "Motion for Access to Media" is denied as
15 moot.
16       Accordingly, IT IS HEREBY ORDERED
17     1.    Plaintiff's Request for Judicial Notice is GRANTED in part and DENIED in part;
18       and
19     2.    Plaintiff's "Motion For Access to Media" is DENIED as moot.
20
21 IT IS SO ORDERED.
22 **Dated:   June 8, 2010**            **/s/ Sheila K. Oberto**
                                UNITED STATES MAGISTRATE JUDGE

---

[3] To be clear, no third party is seeking intervention in this matter, or seeking access to discovery materials. It is Plaintiff who is seeking clarification as to whether he may disclose to a third party video Target has apparently provided to him.