# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO.  1:08-cv-01693-OWW-SKO |
| Plaintiff, | ORDER DIRECTING SERVICE OF SUBPOENA DUCES TECUM BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS |
| v. | |
| TARGET CORPORATION, et al., | |
| Defendants. | ORDER FOR CLERK TO SERVE COPY OF SUBPOENA ON ALL PARTIES |
| | DOCKET NO. 81 |

## I. INTRODUCTION

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983.  Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest."  *See* Motion for Preliminary Injunction, Docket No. 67, at 2:23.  In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft, and the responding officer who arrested him.[1]

---

[1] In the caption of his original complaint, Plaintiff named Target Corporation as a defendant. However, when Plaintiff filled out the form complaint, he alleged claims only against Michael J. Yant, Eric Heller, Officer Greg Barrios, and "John/Jane Doe . . . Manager of [Target] Store." *See* Complaint, Docket No. 1.  Thus, Target Corporation is not a party to this action.

On December 9, 2008, Plaintiff's complaint was dismissed, and he was granted thirty (30) days leave to amend. *See* Order Dismissing Complaint, Docket No. 5. On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC"). The FAC was again screened pursuant to 28 U.S.C. § 1915A(a). Magistrate Judge Sandra M. Snyder issued Findings and Recommendations concluding that Plaintiff stated a cognizable claim against Defendants Heller, Yant, Officer Barrios ("Barrios"), and Defendant Doe (Target supervisor) for a "Deliberately Indifferent Delay or Deprivation of Medical Care." The Court recommended that service be deemed appropriate with regard to these individuals. Magistrate Judge Snyder recommended that Plaintiff's claims for wrongful arrest, detention, accusation, or conviction be dismissed without leave to amend.

On June 8, 2009, the Findings and Recommendations were adopted by District Judge Oliver W. Wanger. On October 10, 2009, the Court issued an order determining that service was also appropriate on "Clevon Wheaton,"[2] who was previously designated as "John Doe," and who is apparently the manager of the Target store where Plaintiff was arrested. *See* Order Determining Service Is Appropriate, Docket No. 24.

On August 31, 2009, Defendant Heller was served with a copy of the FAC and waived service of the summons. *See* Docket No. 21. On August 12, 2009, service was attempted as to Defendant Yant. Plaintiff provided the U.S. Marshal with information that Defendant Yant was an employee of the Target store at Tulare, California, and service could be accomplished at the address of that Target Store. However, Defendant Yant was no longer employed by Target when the U.S. Marshal attempted service; accordingly, service could not be completed with regard to Defendant Yant. *See* Docket No. 23. Officer Greg Barrios was served with the FAC on January 21, 2010. *See* Docket No. 61. Defendant Wheatly was served on February 16, 2010. *See* Docket No. 62.

Plaintiff has attempted to locate Defendant Yant for purposes of directing the U.S. Marshal where to execute service of the FAC, but has been unable to locate him. Plaintiff attempted to issue subpoenas directed to Target Corporation ("Target") to compel Target to

---

[2] Plaintiff erroneously named "Clebo Wheatly" as "Clevon Wheaton."

provide address information with regard to Defendant Yant.  On May 6, 2010, the Court ordered that those subpoenas be quashed as improperly issued.  *See* Docket No. 80.  In its May 6, 2010, order, the Court instructed Plaintiff to provide, within forty-five (45) days from the date of the order, accurate and current information as to the location of Defendant Yant so that the U.S. Marshal could effect service of the complaint.  Specifically, the Court informed Plaintiff that he might accomplish this "through a properly issued subpoena duces tecum, by completing a request for public records pursuant to the California Public Records Act, or by any other means, including an electronic search, available to Plaintiff."  *See* May 6, 2010, order, Docket No. 80.  On May 27, 2010, Plaintiff filed the instant motion requesting that the Court not dismiss Defendant Yant because of Plaintiff's failure to provide accurate information so that Defendant Yant could be served.  It is this "Motion to Cure" that is presently pending before the Court.

## II. Plaintiff's "Motion to Cure Order"

In his motion, Plaintiff requests that the Court reconsider its decision of May 5, 2010, that ordered that Plaintiff's improperly issued subpoenas served on Target Corporation be quashed. Specifically, Plaintiff points out his multiple difficulties in issuing procedurally proper subpoena requests – especially his pro se status and his prison confinement.  Plaintiff articulates his need for information as to the address or location where former Target employee Michael J. Yant may be found so that the U.S. Marshal can serve him with process.  Plaintiff also states that, other than seeking this information from Target, he can discern no other way to obtain it.

In civil rights cases in which the plaintiff appears pro se, courts must construe the pleadings liberally and give the plaintiff the benefit of any doubt, as pleadings drafted by pro se litigants are held to less stringent standards than those drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Considering Plaintiff's pro se status, and because he has explained the relevance of his request and has stated that he cannot locate the information through any other method, the Court will construe Plaintiff's pleading as a Motion to Issue a Subpoena Duces Tecum.  Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces

tecum under Federal Rule of Civil Procedure 45, which would be served by the U.S. Marshal given that plaintiff is proceeding in forma pauperis.

However, after reviewing Plaintiff's prior subpoena requests to Target that were quashed, the Court will tailor Plaintiff's subpoena request. Plaintiff's October 2009 subpoena request, aside from being procedurally defective and somewhat difficult to understand, was overbroad. Plaintiff maintains that he requires all the information he requested in the October 16, 2009, subpoena he attempted to issue to Target. In that subpoena, he requested a vast amount of irrelevant and proprietary information. The only information Plaintiff has shown that is relevant to this matter relates to the last known address of Michael J. Yant, whom Plaintiff wishes to serve with process. Thus, the scope of the subpoena is explicitly limited to the production of a document that contains the last known address of former Target employee Michael J. Yant.

The Clerk of Court is directed to issue a subpoena duces tecum ordering Target Corporation (doing business at 2195 East Prosperity Avenue, Tulare, California 93274) to produce the last known address of former employee Michael J. Yant within twenty (20) days from the date of this order. The U.S. Marshal is directed to serve this document upon Target Corporation at its Tulare, California location.

Target Corporation is ordered to produce the following information and deliver it to the Clerk of the Court. In light of potential privacy and security issues, any document produced is to be **FILED UNDER SEAL**.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's "Motion to Cure Order" is construed as a Motion to Issue a Subpoena Duces Tecum.

2. The Clerk of Court is directed to:

    (A) Issue a completed subpoena duces tecum to the manager of the Target Corporation "Super Target" store located at 2195 East Prosperity Avenue, Tulare, California, 93274, requiring Target Corporation to produce the last known address of its former employee Michael J. Yant;

    (B) Serve a copy of this order and a copy of the issued subpoena on all parties

1 | to this action; and
2 | (C) Send to the United States Marshals Service:
3 |     (i) The completed and issued subpoena to be served on the store manager of the Tulare "Super Target" at 2195 E. Prosperity Ave., Tulare, CA 93274; and
6 |     (ii) One copy of this order for Target, plus an extra copy for the U.S. Marshal.
8 | 3. The U.S. Marshall shall serve the subpoena duces tecum on the manager of the Target Corporation store located at 2195 East Prosperity Avenue, Tulare, California 93274.
11 | 4. Target Corporation shall deliver the requested information to the Clerk of the Court within twenty (20) days from the date of service of the subpoena duces tecum, and the Clerk of the Court shall file **UNDER SEAL** any document Target Corporation produces.

IT IS SO ORDERED.

**Dated:   June 29, 2010**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE