# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S "MOTION FOR DEFENDANT BARRIOS TO RESPOND TO PLAINTIFF'S FAC"** |
| v. | |
| TARGET CORPORATION, et al., | |
| Defendants. / | (Docket No. 87) |

## I. Procedural Background

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations. Plaintiff filed his original complaint on November 7, 2008. On December 9, 2008, the complaint was dismissed with leave to amend. On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC"). In Plaintiff's FAC, he sought compensatory and punitive damages from Michael J. Yant and Eric Heller, two employees of Target Corporation, an unnamed defendant referred to as the manager of the Target store, and Tulare Police Officer Greg Barrios.

Officer Barrios was served with the summons and the FAC on January 21, 2010. (Doc. 61). Officer Barrios did not waive service of process under Federal Rule of Civil Procedure ("FRCP") 4(d); therefore, under FRCP 12, Defendant Barrios had 21 days to file a response to the FAC. Thus,

a response was due by February 11, 2010.  On February 23, 2010, Officer Barrios filed a motion to dismiss.  On March 16, 2010, Plaintiff filed an opposition to Officer Barrios' motion to dismiss, but did not present any argument regarding the timeliness of Officer Barrios' motion to dismiss.

On June 3, 2010, the motion to dismiss was considered on its merits by the Court and Magistrate Judge Sheila K. Oberto issued Findings and Recommendations that the motion to dismiss be denied.  No objection to the Findings and Recommendations was filed and the Findings and Recommendations were adopted in full on July 1, 2010, by District Judge Oliver W. Wanger.  On July 12, 2010, Defendant Barrios filed an Answer to the FAC.

Meanwhile, on June 17, 2010, Plaintiff filed a motion "[f]or Defendant Barrios to Respond to Plaintiff's FAC" and requested that the Court "take judicial notice that Tulare Police Officer Barrios is subject to default."  The Court will construe this motion as a request for default judgment against Officer Barrios for failure to timely file his response to the FAC.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (pro se pleadings held to less stringent standards than formal pleadings drafted by lawyers).  It is this motion that is currently pending before the Court.

**II.   Discussion**

Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Rule 55 of the Federal Rules of Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After the entry of default has been entered by the clerk of court, the party seeking default may file a motion requesting a judgment of default.  Fed. R. Civ. P. 55(b).  If a party has made an appearance in the case, Rule 55(b) requires that the court, not the clerk, enter the judgment of default.  Fed. R. Civ. P. 55(b)(2); *see also Eitel*, 782 F.2d at 1471 ("[b]ecause McCool had filed a notice of appearance, entry of judgment by the clerk under Rule 55(b)(1) . . . would have been improper.").

There is no right to a default judgment; its entry is entirely within the discretion of the district court.  *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also*, *Rashidi v. Albright*, 818 F.Supp. 1354, 1356, n.4 (D.Nev. 1993).  Defaults are generally disfavored (*see Eitel*, 782 F.2d at

1472), and courts will attempt to resolve motions for entry of default so as to encourage a decision on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Courts consider several factors in exercising discretion as to the entry of default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Here, Officer Barrios has made an appearance in the case; thus, the Clerk of the Court cannot enter default or default judgment. Fed. R. Civ. P. 55(a). Therefore, the Court will consider whether default judgment is appropriate in this matter. In considering the *Eitel* factors, the Court notes that Officer Barrios was twelve (12) days late filing his response to the FAC. First, twelve (12) days is not the kind of passage of time that would hamper Plaintiff's ability to effectively litigate his case or route the litigation into an awkward posture such that it would be detrimental to Plaintiff. Second, the Court denied Officer Barrios' motion to dismiss, which moots any concern that Officer Barrios benefitted from his late filing in a manner prejudicial to Plaintiff. Further, Plaintiff had the opportunity to present this argument in his opposition to the motion to dismiss, but did not do so. Therefore, the Court finds that Officer Barrios' untimely response to the FAC was not prejudicial to Plaintiff's interests and this factor weighs heavily against entry of default judgment in this matter.

The FAC in this matter is sufficiently well-pled, but Officer Barrios has filed an Answer to the FAC denying the allegations therein. As there is a strong preference for deciding cases on their merits and because Officer Barrios is defending against Plaintiff's suit, the factors decidedly tilt against the entry of default judgment. *Pena v. Seguros La Commerical, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (default judgments are generally disfavored and a case should be decided on its merits whenever possible). The Court concludes, therefore, that the applicable *Eitel* factors strongly weigh against default judgment as to Officer Barrios for his untimely response to the FAC.

Plaintiff also requests that the Court "take judicial notice" of Officer Barrios' default, and asks the Court to "take appropriate action immediately for failure to respond to Plaintiff's FAC."

1  Plaintiff's Motion at 2:15-16.  The court possesses inherent power to sanction a party through
2  dismissal or default judgment. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 ("The inherent
3  powers of federal courts are those which are necessary to the exercise of all others," and include "the
4  well-acknowledged inherent power . . . to levy sanctions in response to abusive litigation practices.")
5  (internal quotations omitted).  In the Ninth Circuit, "courts have inherent power to dismiss an action
6  when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the
7  orderly administration of justice." *Fjelstad v. Am. Honda Motor Co.*, *Inc.*, 762 F.2d 1334, 1338 (9th
8  Cir. 1985) (internal quotations omitted).  However, due process limits the imposition of the severe
9  sanctions of dismissal or default judgment to "extreme circumstances" and such sanctions are not
10 to be imposed merely for punishment of an infraction that did not threaten to interfere with the
11 rightful decision of the case.  *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.
12 1983); *Fjelstad*, 762 F.2d at 1338.

13       There is no indication in this case that Officer Barrios' failure to timely file a response to the
14 FAC was anything other than excusable neglect.  He did ultimately respond to the FAC by filing a
15 motion to dismiss, albeit twelve (12) days late.  The late filing neither prejudiced Plaintiff nor
16 disrupted the litigation process.  This is not an appropriate case for the issuance of a sanction in the
17 form of default judgment.

18       Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's "Motion for Defendant Barrios
19 to Respond to Plaintiff's FAC" and Plaintiff's request that the Court "Take Judicial Notice of Default
20 Against Defendant Barrios" are DENIED.

22 IT IS SO ORDERED.

23 **Dated:   July 22, 2010**                  /s/ **Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE