# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S "MOTION FOR SUPPLEMENTAL AMENDED FILING TO NAME TARGET CORPORATION (CEO) AS SUPERIOR LIABILITY DEFENDANT"** |
| v. | |
| TARGET CORPORATION, et al., | |
| Defendant. | |
| / | (Docket No. 101 |

## I. Procedural Background

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations. Plaintiff filed his original complaint on November 7, 2008. On December 9, 2008, the complaint was dismissed with leave to amend. On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC"). In Plaintiff's FAC, he sought compensatory and punitive damages from Michael J. Yant and Eric Heller, two employees of Target Corporation ("Target"), an unnamed defendant referred to as the manager of the Target store, and Tulare Police Officer, Greg Barrios. Although Plaintiff captioned his original complaint as "Matthew B. Cramer vs. Target Corporation et al.," there were no allegations against Target in the FAC. On May 4, 2009, the Court screened the FAC, finding one cognizable 42 U.S.C. § 1983 claim as to Defendants Heller, Yant, an unidentified supervisor who

was at the store during the alleged incident, and Officer Greg Barrios. The Court ordered service of the FAC on the three named defendants. The Doe defendant was designated as Clebo Wheatly on October 20, 2010, after Plaintiff learned his identity. *See* Doc. 24.

On July 21, 2010, Plaintiff filed a motion requesting to add Target or Target's Chief Executive Officer ("CEO"), Robert J. Ulrich, as a defendant to this action. On August 2, 2010, Defendants Heller and Wheatly filed an opposition to Plaintiff's motion to amend his FAC.

**II.    Discussion**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend should be freely granted when justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Under Rule 15(a), courts should grant leave to amend as a matter of course until a responsive pleading is filed. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Once a response has been filed, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where the amended complaint is subject to dismissal. *See id.; Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Courts may also deny leave when "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiff asserts that Target or its CEO is vicariously liable for the actions of employees Michael Yant, Eric Heller, and Clebo Wheatly who are named defendants in this action for their alleged conduct on March 3, 2008, in detaining Plaintiff at the Target store in Tulare, California. On August 2, 2010, Defendants Heller and Wheatly filed an opposition to Plaintiff's motion to amend the FAC. Defendants argue that the Court found that a Section 1983 claim cognizable in Plaintiff's FAC, and Target cannot be held liable under the theory of respondeat superior in a Section 1983 claim. Further, Defendants argue that Target CEO Robert J. Ulrich was not present at the Tulare Target store on March 3, 2008, and could not be liable for constitutional violations of subordinates because he did not participate in Defendants' actions on March 3, 2008. Further, he did not know of the violations and could not be said, therefore, to have failed to prevent any alleged violations.

1    Here, responsive pleadings have been filed. Thus, Plaintiff has no right to amend as a matter
2 of course. The Court further finds that amendment in this case is not permissible because the
3 amendment that Plaintiff requests is futile and the party he seeks to add would immediately be
4 subject to dismissal from the action.

5    In the *City of Canton*, 489 U.S. 378, 385 (1989), the United States Supreme Court held that
6 "[r]espondeat superior or vicarious liability will not attach under [section] 1983." Target cannot be
7 vicariously liable under Section 1983 for the alleged conduct of its employees. Since a Section 1983
8 claim against Target cannot be sustained under a theory of respondeat superior, amendment to name
9 Target as a Defendant would be futile. As such, even if the FAC was amended to add Target as a
10 party, Target would be immediately subject to dismissal from the suit.

11    Further, a Section 1983 claim against Target CEO Robert J. Ulrich can only be maintained
12 if he is alleged to have participated in the actions of March 3, 2008, or knew that Defendants' alleged
13 conduct was occurring and failed to prevent it. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)
14 (supervisor may be held liable for constitutional violations if supervisor participating in, or directed,
15 the violations or knew of the violations and failed to act to prevent them). There are no allegations
16 that CEO Robert J. Ulrich was present at the Tulare, California store on March 3, 2008, that he knew
17 of Defendants' alleged conduct on that day, or that he failed to prevent Defendants from committing
18 the alleged constitutional violations. Nor is there any indication that the complaint could be
19 amended to add these allegations. Therefore, amending the FAC to name Robert J. Ulrich as a
20 Defendant is also futile, as the FAC does not provide any factual basis for his liability.

21    Accordingly, Plaintiff's motion to amend the complaint to add Target or Target CEO Robert
22 J. Ulrich as a defendant to this action is DENIED.

**IT IS SO ORDERED.**

**Dated:    August 13, 2010**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE