# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDER DENYING MOTION FOR ISSUANCE OF A SUBPOENA DUCES TECUM** |
| v. | |
| TARGET CORPORATION, et al., | DOCKET NO. 105 |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Matthew Cramer is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest." *See* Motion for Preliminary Injunction, Docket No. 67, at 2:23. In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft and the responding officer who arrested him.

## II. DISCUSSION

On July 6, 2010, Defendant Wheatly filed a declaration in support of his motion for summary judgment stating that he was not at the Target Store on March 3, 2008, the day that the

1

alleged events that gave rise to Plaintiff's complaint occurred.  Defendant Wheatly states that he could not have participated in the conduct Plaintiff alleges.  This summary judgment motion is pending before the Court.

On July 26, 2010, in response to Defendant Wheatly's declaration, Plaintiff filed a "Motion to Correct Defendant Known as Clebo Wheatly" and a request for an "order directing service of subpoena duces tecum."  Plaintiff asserts that his complaint alleged that two Target security officers, a Target supervisor whose name Plaintiff did not know, and Police Officer Greg Barrios conspired to deliberately delay Plaintiff from receiving adequate medical care.  In October 2009, Plaintiff learned the identity of the Target Store manager, Clebo Wheatly, who Plaintiff believed was the supervisor present at the time the events occurred on March 3, 2008.  On October 20, 2009, the Court ordered that Defendant Wheatly, previously designated as Defendant John Doe, be served with the complaint.

Plaintiff has now ascertained, through Defendant Wheatly's declaration, that Defendant Wheatly may not have been the supervisor who Plaintiff alleged was present at the Target Store when the underlying events occurred on March 3, 2008.  Plaintiff now requests that the Court issue a subpoena duces tecum directed at non-party Target Corporation to ascertain which supervisor was present at the Target Store on March 3, 2008.

On August 6, 2010, Defendant Wheatly filed a declaration in support of his opposition to Plaintiff's request for the issuance of a subpoena duces tecum stating that no "stand-in" manager was present in his place on March 3, 2008, when the alleged events occurred.  Rather, Defendant Wheatly states that "[o]n March 3, 2008, Asset Protection [("AP")] Personnel [Defendants Heller and Yant] were supervised by the District Asset Protection Team Leaders who supervise all the AP personnel in the stores in our District."

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties and to service of the subpoena by the United States Marshal.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through service of

interrogatories requesting the information.  Fed. R. Civ. P. 34.  If Plaintiff wishes to make a request for the issuance of a subpoena duces tecum, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the information sought and from whom, and (2) makes a showing that the records are only obtainable through that third party.

Here, discovery is open, and Plaintiff may seek information directly from Defendants about the identity of any supervisor present during the alleged events of March 3, 2008.  Therefore, Plaintiff's motion for a subpoena will be denied.  Plaintiff may renew his motion only if he is unsuccessful in obtaining the information directly from Defendants pursuant to Rule 34 and the Court's discovery order.  If Defendants object to Plaintiff's interrogatories seeking this information, a motion to compel the information is the next required step.  Until such time as Plaintiff ascertains the identity of the "doe" defendant present during the alleged events of March 3, 2008, the request to correct the "doe" designation shall be denied.  If Plaintiff wishes to dismiss Defendant Wheatly from the suit, he may file a motion requesting that the Court do so.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's "Motion to correct [Doe] Defendant Known as Clebo Wheatly to Stand-In" is DENIED without prejudice; and
2. Plaintiff's "Request[ed] Order Directing Service of Subpoena Duces Tecum" is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 13, 2010                                 /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE