UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>              Plaintiff,<br><br>         v.<br><br>TARGET CORPORATION, et al.,<br><br>              Defendants.<br>                                                        / | CASE NO.   1:08-cv-01693-OWW-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT BARRIOS' MOTION FOR SUMMARY JUDGMENT**<br><br>(DOCKET NO. 131) |

**I. INTRODUCTION**

Plaintiff Matthew Cramer is proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest." *See* Motion for Preliminary Injunction, Docket No. 67, at 2:23. In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft, and the responding officer who arrested him. Currently pending before the Court is Plaintiff's request for an extension of time to file an opposition to Defendant Barrios' Motion for Summary Judgment. (Docs. No. 127, 131.)

## II. DISCUSSION

On September 16, 2010, Defendant Greg Barrios filed a Motion for Summary Judgment. (Doc. 127.) On October 14, 2010, Plaintiff filed a "Notice of Second[1] Address Change" and a "Motion for Extension of Time to Respond to Defendant Barrios' Motion for Summary Judgment." (Doc. 131.) Plaintiff states that he did not receive Defendant Barrios' Motion for Summary Judgment, and requests additional time to respond to the motion. Plaintiff states that he has contacted Defendant Barrios' counsel regarding a copy of the motion for summary judgment "to no avail." (Doc. 131, 2:9-10.) Plaintiff requests that "the Court take notice that Summary [Judgment] should not be granted for Plaintiff's issues of genuine material fact are in full dispute . . . ." (Doc. 131, 2:10-14.) Plaintiff requests that Defendant Barrios "re-serve" the motion upon him and that he be granted a thirty (30) day extension of time to adequately respond to the motion. (Doc. 131, 2:19-25.)

On October 18, 2010, Defendant Barrios filed an opposition to Plaintiff's request for an extension of time to respond to his motion. (Doc. 132.) Defendant Barrios states that the motion for summary judgment was served on Plaintiff on September 16, 2010, one full week before Plaintiff was released from prison on September 23, 2010. In support of Defendant Barrios' opposition to Plaintiff's motion for an extension of time, Defendant Barrios submitted the declaration of Shirlee A. Courtney, who is an employee of Defendant Barrios' counsel. (Doc. 132-1.) Ms. Courtney states that Plaintiff made contact with counsel's office on October 11, 2010, and that a copy of the motion was prepared for Plaintiff and mailed to him at his new address that same day. (Doc. 132-1.) Defendant Barrios states that Plaintiff was dilatory in checking on the status of the case and questions Plaintiff's veracity regarding whether Plaintiff had actually received the motion for summary judgment. Thus, Defendant Barrios requests that Plaintiff's motion for an extension of time to respond to the summary judgment motion be denied.

On October 13, 2010, the Court issued a minute order stating that, pursuant to Local Rule 230(*l*), Defendant Barrios' motion for summary judgment, originally set for hearing on November

---

[1] Plaintiff states that he sent the Court his address change on September 22, 2010, due to his pending release from Tehachapi Correctional Institute, but it was not received by the Court.

3, 2010, was to be submitted upon the record without oral argument. In light of Plaintiff's change of address based on his release from custody, the Court is inclined to allow Plaintiff additional time to respond to Defendant Barrios' motion for summary judgment.

As the motion will be taken under submission for purposes of issuing Findings and Recommendations to the District Court, the Court will provide a briefing schedule for the parties. Further, Defendant's counsel has already mailed a copy of the summary judgment motion to Plaintiff at his new address on October 11, 2010. If Plaintiff does not receive the copy of the motion that was mailed to him on October 11, 2010, the Court expects that Plaintiff will **promptly** inform Defendant Barrios' counsel of this fact and that the parties will work together to ensure that Plaintiff is effectively served with a copy of the motion.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for an extension of time to file an opposition to Defendant Barrios' motion for summary judgment is GRANTED;

2. Plaintiff shall file an opposition to Defendant Barrios' motion for summary judgment on or before **November 22, 2010;** and

3. Defendant Barrios may file an optional reply to Plaintiff's opposition on or before **December 10, 2010.**

IT IS SO ORDERED.

**Dated:** October 20, 2010                     /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE