# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDER DENYING MOTION TO STAY** |
| v. | (DOCKET NO. 135) |
| TARGET CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Matthew Cramer ("Plaintiff") is proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest." (*See* Doc. 67, 2:23.) In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of the Target employees who questioned him regarding the theft and the responding officer who arrested him.

Each of the Defendants, Heller, Wheatly, and Barrios, has filed a motion for summary judgment which are pending before the Court. (*See* Doc. 92, 127.) Specifically, Defendant Barrios filed a motion for summary judgment on September 16, 2010. (Doc. 127.) On October 14, 2010,

1  Plaintiff requested an extension of time to respond to Defendant Barrios' motion. Plaintiff was
2  apparently released from prison in September 2010, and claimed not to have received Defendant
3  Barrios' motion because of his transition out of prison. (Doc. 131.) The Court granted Plaintiff an
4  extension of time and ordered that he file his opposition to Defendant Barrios' motion for summary
5  judgment on or before November 22, 2010. Despite this extension of time, Plaintiff failed to file
6  an opposition to the motion.

7  On December 9, 2010, Plaintiff filed a Motion to Stay asserting that he could not adequately
8  litigate his case because he had pled no contest in a felony action in November 2010 and was
9  sentenced to 200 days in Tulare County Jail. (Doc. 135.) A Tulare County court document attached
10 to Plaintiff's motion indicates that Plaintiff is committed to the Tulare County Jail for a term of 200
11 days. (Doc. 135, 5-6.) Plaintiff asserts that because of his incarceration, he has no access to legal
12 resources to conduct research to litigate his case. Moreover, Plaintiff asserts that he cannot
13 adequately respond to Defendant Barrios' motion. For these reasons, Plaintiff requests that the entire
14 action be stayed for 200 days until he is released from Tulare County Jail.

15 Each Defendant opposes Plaintiff's motion asserting that a stay would further delay the
16 Court's review of their pending summary judgment motions. (Docs. 136, 137.) Defendant Barrios
17 also notes that Plaintiff has already received an extension of time to respond to Barrios' motion for
18 summary judgment, and it was the result of Plaintiff's wrongdoing that he has less resources
19 available to prosecute his case. (Doc. 136.) Defendant Barrios asserts that a stay would result in
20 Plaintiff's benefitting from his own bad conduct and would further delay the Court's disposition on
21 Defendants' motions for summary judgment.

## II.  DISCUSSION

23 A district court has the "power to stay proceedings" as part of its inherent power to "control
24 the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
25 for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an
26 action, courts must weigh competing interests that will be affected by the granting of or refusal to
27 grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing
28 interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship

or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*. (citing *Landis*, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else[,]" the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The Ninth Circuit has held that "[t]he district court's indefinite stay of all proceedings is tantamount to a denial of due process. Simply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs." *Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1997). In considering whether a stay should be ordered, the court should "balance the length of the stay against the strength of the justification given for it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Consideration of the *Landis* factors does not weigh in favor of a stay. Defendant Barrios' motion for summary judgment has been pending since September 2010. Plaintiff has already received an extension of time to file an opposition to that motion, but failed to do so before he was incarcerated in Tulare County Jail in November 2010. Plaintiff's incarceration started only days prior to the deadline to file his opposition. Indeed, Plaintiff had all the time prior to his most recent incarceration to file any opposition, but failed to do so.

Plaintiff's argument that he has no access to legal resources in Tulare County Jail does not persuade the Court that the litigation should be stayed for 200 days or until such time as Plaintiff is released from Tulare County Jail. Plaintiff filed this action and is responsible for prosecuting it. Plaintiff has also been aware of Defendant Barrios' motion for summary judgment for several months but failed to oppose it even after the Court extended him additional time to do so. Since Plaintiff's incarceration in Tulare County Jail, he has adequately filed a Motion to Stay and has replied to Defendants' oppositions to his request for a stay. (*See* Docs 135, 138.) This exemplifies the Ninth Circuit's observation that "[s]imply because a person is incarcerated does not mean that he is stripped of free access to the courts." *Wimberly*, 557 F.2d at 673. Although Plaintiff may have fewer resources at his disposal during his incarceration, he clearly has access to the Court.

Further, the interests of the Defendants must be considered. Staying the litigation for at least 200 days would result in undue delay in deciding several of Defendants' motions. Notably, Defendant Heller's and Wheatly's motion for summary judgment is fully briefed and is submitted to the Court. (*See* Docs. 92, 100, 109.) There is no reason to further delay the Court's disposition of this motion. A stay of the litigation would unduly impose on Defendants' rights to seek resolution of the case through summary judgment.

### III.   CONCLUSION

On balance, the equities do not favor a stay. The Court will, however, grant Plaintiff **one final** 30-day extension of time to respond to Defendant Barrios' motion for summary judgment. **There will be no further continuances, regardless of Plaintiff's incarcerated status. Following this extension of time, the Court will consider Defendant Barrios' Motion for Summary Judgment submitted for decision.**

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Stay is DENIED;
2. Plaintiff shall file any opposition to Defendant Barrios' Motion for Summary Judgment **within 30 days from the date of this order**; and
3. No further request for a continuance will be entertained.

IT IS SO ORDERED.

**Dated:   January 12, 2011**              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE