# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | (DOCKET NO. 125) |
| TARGET CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Matthew Cramer ("Plaintiff") is proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest." (*See* Doc. 67, 2:23.)

Plaintiff filed his original complaint on November 7, 2008. On December 9, 2008, the complaint was dismissed with leave to amend. On February 17, 2009, Plaintiff filed a First Amended Complaint ("FAC"). In Plaintiff's FAC, he sought compensatory and punitive damages from Michael J. Yant and Eric Heller, two employees of Target Corporation ("Target"), an unnamed defendant referred to as the manager of the Target store, and Tulare Police Officer, Greg Barrios.

1  Although Plaintiff captioned his original complaint as "Matthew B. Cramer vs. Target Corporation
2  et al.," there was no allegation against Target in the FAC.
3       On May 4, 2009, the Court screened the FAC, finding one cognizable 42 U.S.C. § 1983 claim
4  as to Defendants Heller, Yant, an unidentified supervisor who was at the store during the alleged
5  incident, and Officer Greg Barrios. The Court ordered service of the FAC on the three named
6  defendants. The doe defendant was designated as Clebo Wheatly on October 20, 2010, after Plaintiff
7  learned his identity. (*See* Doc. 24.)
8       On July 21, 2010, Plaintiff filed a motion requesting to add Target or Target's Chief
9  Executive Officer ("CEO"), Robert J. Ulrich, as a defendant in this action. On August 2, 2010,
10 Defendants Heller and Wheatly filed an opposition to Plaintiff's motion to amend his FAC in this
11 manner.
12      On August 13, 2010, the Court issued an order denying Plaintiff's request to amend his
13 complaint to name Target or Target's CEO as a defendant. (Doc. 119.) The Court explained there
14 could be no vicarious liability for Target or Target's CEO under a theory of respondeat superior. *See*
15 *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will
16 not attach under § 1983.").
17      On September 2, 2010, Plaintiff filed a Motion for Reconsideration of the Court's August 13,
18 2010, order. Plaintiff maintains that Target's CEO "may have [not] played an initial role in being
19 present at the Tulare Target Store on March 3, 2008," but asserts that it was the CEO's "[duty] of his
20 [job] position and as a CEO he is vicariously liable for the actions of his subordinates . . . not to
21 mention he has store procedures and/or policies implemented in the proper training and/or conditions
22 of liability that would oversee [all] aspects of his employees." (Doc. 125, 2.) Plaintiff further argues
23 that "CEO [Ulrich] has failed to act and/or prevent Defendants from committing . . . violations of
24 plaintiff's constitutional rights." (*Id.*)
25                    **II.   DISCUSSION**
26 **A.   Legal Standard**
27      A basic principle of federal practice is that courts generally refuse to reopen decided matters.
28 *Magnesystems, Inc. v. Nikken, Inc.,* 933 F. Supp. 944, 948 (C.D. Cal. 1996) (citations omitted).

1  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and
2  conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A
3  "party seeking reconsideration must show more than a disagreement with the Court's decision, and
4  recapitulation of the cases and arguments considered by the court before rendering its original
5  decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134
6  F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks omitted).

7  Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence,
8  (2) has committed clear error or the initial decision was manifestly unjust, or (3) is presented with
9  an intervening change in controlling law. *School Dist. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d
10  1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

11  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or
12  to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 903 (3d Cir. 1985),
13  *cert. denied,* 476 U.S. 1171 (1986). This Court's Local Rule 230(j)(3) requires a party seeking
14  reconsideration of an order to set forth in its motion what new or different facts or circumstances are
15  claimed to exist which did not exist or were not shown upon such prior motion, or what other
16  grounds exist for the motion.

17  **B.    Analysis**

18  Plaintiff requests that the Court reconsider its August 13, 2010, order denying his request to
19  amend his complaint to join Target and/or Target's CEO as defendants in his Section 1983 suit.
20  Plaintiff acknowledges that Target's CEO neither participated in nor directed the actions of Target
21  employees on March 3, 2008. Plaintiff instead asserts that the CEO failed to prevent the actions of
22  Target employees on March 3, 2008. (Doc. 125, at 2 ("With respect to naming CEO Mr. [Ulrich,]
23  plaintiff re-asserts that although CEO [Ulrich] may NOT [have] played an initial role in being
24  present at the Tulare Target Store on March 03, 2008, Plaintiff asserts that as a DUTY of his JOB
25  position and as a CEO he is vicariously liable for the actions of his subordinates . . . Therefore CEO
26  [Ulrich] has failed to act and/or prevent Defendants from committing [] alleged violations of
27  plaintiff's constitutional rights").)

28

Liability under Section 1983 cannot be predicated on the theory of respondeat superior. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The mere fact that Target employs the Defendants and Target's CEO arguably supervises Target employees does not make either liable under Section 1983. Pursuant to Section 1983, a supervisor may only be liable if there exists either "(1) his or her personal involvement in the constitutional deprivation *or* (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). A supervisor may be held liable when he is put on notice of wrongful conduct and fails to investigate or correct the violation. *Taylor*, 880 F.2d at 1046 (supervisor must participate in, direct, or know of subordinates' violations and fail to prevent them in order to be liable).

Here, for Target's CEO to be potentially liable under Section 1983, he must know or have reason to know of the risk of wrongful conduct but fail to prevent such conduct from occurring. Alternatively, he must have participated in or directed the actions of his subordinates. Plaintiff does not posit that Target's CEO participated in or directed Defendants' conduct on March 3, 2008. Additionally, nothing Plaintiff has asserted indicates that Target's CEO was put on notice that wrongful conduct could potentially occur on March 3, 2008, such that he was in a position to prevent or correct the conduct but failed to do so. The fact that he became aware of the Defendants' actions *following* March 3, 2008, is irrelevant. (Doc. 125, at 2 ("It is plaintiff's strong contention that, [] Target CEO [was] notified of the injury and hospital bills by this Defendant prior to the February FAC filing in 2009").) To be able to prevent conduct, the person who is charged with preventing or correcting it must have reason to know the conduct is *going* to occur. There is no such allegation here.

A private employer may be liable under Section 1983 when the employer is the driving force behind the constitutional violations alleged against its employees, who are acting as state actors. *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006)*; Temple v. Albert*, 719 F. Supp. 265, 268 (S.D.N.Y. 1989) ("Where a plaintiff alleges a conspiracy between the private employer and its employees who are acting under the color of state law, a sufficient basis for potential liability exists."). "The proper test is whether there is a policy, custom[,] or action by those

who represent official policy that inflicts injury actionable under § 1983." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993).

Plaintiff has not alleged or suggested in his FAC, original motion to amend his pleadings, or motion for reconsideration that Target as a corporation was involved in a conspiracy with its employees to deprive Plaintiff of his constitutional rights. *See Bishop*, 414 F. Supp. 2d at 396. The gist of Plaintiff's assertion in his motion for reconsideration is that a Section 1983 claim is viable because Target or Target's CEO did not take proper precautions to prevent the events of March 3, 2008 from occurring. However, there is no indication what Target or Target's CEO knew prior to the alleged incident to establish that they should have taken preventive action. Further, Plaintiff has pointed to no particular policy of Target that led to the alleged violations. Generally alleging that Target has a policy that resulted in the violation of Plaintiff's rights, without articulating the nature of the policy, is not enough to adequately allege that Target may be liable under Section 1983.

There is simply nothing presented that shows Target was the driving force behind the alleged constitutional violations. Plaintiff has not presented any new facts or circumstances that warrant a reconsideration of the Court's previous decision. Thus, any amendment to Plaintiff's Section 1983 claim to join Target or Target's CEO would be futile.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider the Court's August 13, 2010, order is DENIED.

IT IS SO ORDERED.

**Dated:   January 24, 2011**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE