# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MATTHEW B. CRAMER,

Plaintiff,

v.

TARGET CORPORATION, et al.,

Defendants.

_____________________________________/

CASE NO. 1:08-cv-1693-OWW-SKO

**ORDER DENYING PLAINTIFF'S RULE 56(f) MOTION WITHOUT PREJUDICE**

(Docket No. 100)

## I. INTRODUCTION

Plaintiff Matthew B. Cramer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2010, Defendants Eric Heller ("Heller") and Clebo Wheatly ("Wheatly") filed a motion for summary judgment. (Doc. 92.) Heller and Wheatly assert that they are entitled to judgment as a matter of law because there are no genuine issues of material fact. (Doc. 92.)

On August 13, 2010, following Defendant Barrios' answer to Plaintiff's First Amended Complaint, the Court issued a Discovery Order opening discovery and setting discovery and pre-trial motion deadlines. (Doc. 118.)

On September 16, 2010, Defendant Barrios filed a motion for summary judgment asserting he is entitled to judgment as a matter of law because there are no genuine issues of material fact.

(Doc. 127.) On January 24, 2011, Plaintiff filed an opposition to Defendant Barrios' motion for summary judgment (Doc. 140), to which Defendant Barrios replied on February 3, 2011 (Doc. 143).

**A. Plaintiff's Contention That Defendants' Summary Judgment Motions Are Premature**

**1. Defendants Heller and Wheatly's Motion for Summary Judgment**

In his opposition to Defendants Heller and Wheatly's motion for summary judgment, Plaintiff asserts that the motion is premature. (Doc. 100 at 6:3-5 ("In this instance, it seems to this plaintiff that the [] moving party(ies) [sic] had prematurely submitted this motion for summary judgment."), 7:11-13 ("[P]laintiff has YET to be afforded any type of dis[covery] as a matter of [l]aw, and that in itself is [a] basis for defendants' [m]otion for summary judgment to be denied."), 16:9-11 ("Wherefore, Plaintiff contends that he has a right for discovery prior to summary judgment . . . .").)

As a result of the lack of discovery, Plaintiff asserts that Defendants are not yet aware of his current medical needs that have arisen due to the injury he received on March 3, 2008. (Doc. 100 at 12:14-20 ("This delay not only caused further injury, but this injury plaintiff [sic] has suffered with continual treatment, medical, vision issues, property loss, emotional, mental issues, and a host of other issues . . . . They have yet to view plaintiff's continual [m]edical needs at this or any other treatment.").) Plaintiff also points to evidence that he believes, if he were allowed to obtain through discovery, would defeat Defendants' motion for summary judgment including, missing video of the alleged assault, dental records, evidence that his glasses were broken during the assault, evidence of a mental condition following the assault, and continual treatment. (Doc. 100 at 7:14-18.) Plaintiff also complains that, although Defendant Wheatly filed a declaration in support of his motion for summary judgment stating that he, Wheatly, was not present at the Target store on the night of the alleged events (Doc. 96, ¶ 3), Plaintiff has been unable to conduct any discovery to determine which supervisor was actually present if Defendant Wheatly was not present (Doc. 100 at 16:24-27).

**2. Defendant Barrios' Motion for Summary Judgment**

With regard to Defendant Barrios, Plaintiff filed an opposition on January 24, 2011. (Doc. 140.) In his opposition, Plaintiff requests the following:

> Plaintiff wants to point out with emphasis that Defendant Barrios's Motion to Summary [Judgment] mirrors Defendants' [sic] Wheatly and Heller['s] Motion for Summary [Judgment] which this Plaintiff fully responded and a copy x 2 was also

served upon Defendant Barrios.

> Plaintiff would request the Court note that the opposition to Wheatly's and Heller's Motion for Summary [Judgment] is indeed a mirror of opposition and the same exact opposition argument would apply. So Plaintiff would request the Court note and use the same opposition (legal theory) in opposition to Barrios' Motion.

(Doc. 140 at 2.)

**B. Response to Plaintiff's Rule 56(f) Motion**

In their reply brief, Heller and Wheatly assert that, although Plaintiff may not have had an opportunity to seek discovery prior to the filing of the motion for summary judgment, no further discovery is necessary because there is "nothing in Defendant[s'] possession that would support plaintiff's claim." (Doc. 109 at 3:1-2.) Moreover, Defendants assert that it is undisputed that, once Plaintiff arrived at the Emergency Department on March 3, 2008, his level of acuity was designated as "non-urgent." (Doc. 109 at 2:10-12.) Thus, Plaintiff's medical condition was "non-serious." (*See* Doc. 109 at 2:13-14 ("Evidencing the non-serious medical condition, Plaintiff waited an additional 44 minutes before he received a sling.").) Additionally, Defendants contend that no further discovery is necessary because the surveillance video has been produced, and a complete copy of the Target report, as well as the police report, are in Plaintiff's possession. (Doc. 3:1-3.) Additionally, Defendants point to the fact that Plaintiff's medical records are accessible to him; further, he has had an opportunity to produce those records, but he has not done so. (Doc. 109 at 3:7-9 ("Had there been any medical record or any qualified medical opinion that would support plaintiff's claim that the delay resulted in further significant injury it should be produced.").)[1]

///

///

///

///

## II. DISCUSSION

---

[1] While Defendant Barrios did not respond to Plaintiff's assertion that the motions are premature (as it was contained in Plaintiff's July 21, 2010, opposition to Defendants Heller and Wheatly's summary judgment motion and only incorporated by reference in Plaintiff's January 24, 2011, opposition to Defendant Barrios' summary judgment motion), the rationale of Defendants Heller and Wheatly's response is equally applicable to Defendant Barrios' motion.

**A. Legal Standard**

"Federal Rule of Civil Procedure 56(f)[2] provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (internal quotation marks omitted). However, "[i]n making a Rule 56(f) motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." *Id.*

**B. Analysis**

While "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)[,]" Plaintiff has done something more than state a need for discovery. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). His opposition explicitly asserts that Defendants' summary judgment motions are premature because he has not had time to obtain discovery and identifies some evidence he has not yet been able to gather. (Doc. 100.)

The record indicates that one summary judgment motion was filed on July 6, 2010 (Doc. 92), prior to discovery opening on August 13, 2010 (Doc. 118), and the second summary judgment motion was filed on September 16, 2010 (Doc. 127), approximately one month after discovery opened. As Plaintiff is proceeding pro se, the Court must construe his pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). Thus, Plaintiff's argument that the motions are premature because of a

---

[2] The Court notes that, effective December 1, 2010, the Federal Rules of Civil Procedure were amended such that the general provisions of Fed. R. Civ. P. 56(f) are now located at amended Rule 56(d). The text of amended Rule 56(d) is as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Here, the subject motions were filed prior to December 1, 2010 (Docs. 92, 127), and Plaintiff's opposition asserting that the summary judgment motions were premature was first filed on July 21, 2010 (Doc. 100). Therefore, the Court will refer to the rule in effect *prior* to December 1, 2010. However, the Court also notes that the December 1, 2010, amendment to Rule 56(f) does not change the applicable standards; therefore, it is immaterial which version of the rule the Court applies.

lack of discovery shall be construed as a Rule 56(f) motion.

The Court finds Plaintiff's Rule 56(f) motion lacking. The fact that Plaintiff refers to the specific discovery needed is not necessarily sufficient for the Court to grant a Rule 56(f) motion. Rather, Plaintiff must identify not only what evidence or facts he lacks to oppose the motion, but he must also show *how the evidence or facts would preclude the motion*. *Margolis*, 140 F.3d at 853 (quoting *Garrett v. City and Cnty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987)). Further, the identified facts or evidence must be of a type that has either *already been discovered* or is *likely to be discovered*. In other words, there must be a "basis or factual support for [the] assertions that further discovery would lead to the facts and testimony" described in an affidavit submitted pursuant to Rule 56(f). *Margolis*, 140 F.3d at 854 ("wild speculation" that facts and testimony sought to be discovered could actually be discovered will not support the continuance or denial of summary judgment motions under Rule 56(f)).

Here, Plaintiff identifies "missing video" that he believes will show the severity of the assault he suffered and his resulting condition. (Doc. 100 at 4:3-8.) This is insufficient for several reasons. First, Plaintiff's argument that a Target Corporation ("Target") surveillance video is missing has already been addressed in a prior order of the Court. (*See* Docs. 67, 99.) The Court denied Plaintiff's motion for a preliminary injunction preserving all Target video footage in part because Target employees provided declarations that all relevant surveillance video footage from March 3, 2008, had been provided to Plaintiff. (Doc. 75, ¶¶ 5-6.)

Second, Plaintiff has not produced anything new showing that this video evidence exists – his assertion that there is missing surveillance video that he can discover is similar to the type of "wild speculation" that the Ninth Circuit rejected in *Margolis* to support a Rule 56(f) motion. Third, even assuming that additional surveillance video does exist, Plaintiff has not established how it would overcome Dr. DiRaimondo's opinion that Plaintiff's medical records indicate a non-serious injury for which a two-hour delay caused no additional harm. (Doc. 94, ¶ 4 ("In my expert opinion, [Plaintiff's broken clavicle] was not a serious injury[,] and a delay in treatment of 2-3 hours had no consequence at all.").) Plaintiff cannot merely point to evidence he might gather; he must show how it may preclude summary judgment. *Margolis*, 140 F.3d at 853.

Plaintiff identifies medical records subsequent to March 3, 2008, that have not yet been presented to Defendants for review. (*See* Doc. 100 at 12:14-23.) Plaintiff asserts that this evidence will establish that he has suffered significant additional injury as a result of the two-hour delay in treatment of his broken clavicle. First, such medical evidence is in Plaintiff's possession and is not something that would be produced through discovery. Second, Plaintiff's opinion that these medical records show significant additional harm as a result of his delayed medical treatment on March 3, 2008, is only his lay assessment of his medical records. His lay opinion in this regard is not admissible evidence, and his mere production of these documents accompanied by his opinion would not be sufficient to preclude summary judgment. Fed. R. Evid. 701 (a layperson's opinion testimony must be founded on the witnesses own perceptions and must *not* be based on "scientific, technical, or other specialized knowledge " ).[3]

The Court concludes that Plaintiff has failed to meet his burden of establishing how further discovery likely to be produced could preclude Defendants' motions for summary judgment. The Court notes, however, that Defendants' motions for summary were filed either prior to the opening of discovery or only one month after discovery was opened. Because the summary judgment motions at issue were filed "before [Plaintiff] had any realistic opportunity to pursue discovery relating to [his] theory of the case," the Court finds it appropriate that, upon review of this order, Plaintiff have an opportunity to renew his Rule 56(f) motion in light of the timing of the motions for summary judgment. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

## III. CONCLUSION

If Plaintiff elects to file a renewed Rule 56(f) motion, the Court notes that discovery has been open since August 13, 2010. Plaintiff has had opportunity to serve discovery and seek expert medical evidence of his own since that time. Plaintiff is cautioned that a Rule 56(f) movant "cannot complain if [he or she] fails diligently to pursue discovery before summary judgment." *Mackey v.*

[3] To the extent that Plaintiff cannot identify the supervisor who was present at the Target store on March 3, 2008, the Court reminds Plaintiff that discovery has been open since August 13, 2010. (Doc. 118.) Moreover, the Discovery Order set deadlines for any amendments to the pleadings to add claims or parties. This is not a basis for continuance or denial of Defendants' summary judgment motions.

*Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

If Plaintiff timely files a renewed Rule 56(f) motion, the Court will consider the renewed motion along with the Defendants' motions for summary judgment and will issue Findings and Recommendations to the District Judge.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Rule 56(f) motion is DENIED WITHOUT PREJUDICE;
2. Plaintiff may renew his Rule 56(f) motion within 30 days from the date of this order;
3. Defendants may file an opposition to Plaintiff's renewed Rule 56(f) motion within 21 days from the date any renewed motion is filed; and
4. If Plaintiff fails to file a renewed Rule 56(f) motion within the prescribed time frame, the Court will issue Findings and Recommendations as to Defendants' summary judgment motions on the record now before the Court.

IT IS SO ORDERED.

**Dated: February 10, 2011**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE