1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-OWW-SKO |
| Plaintiff, | **ORDERING DENYING REQUEST FOR SCHEDULE MODIFICATION** |
| v. | |
| TARGET CORPORATION, et al., | (Docket No. 144) |
| Defendants. / | |

## I.  INTRODUCTION

Plaintiff Matthew Cramer ("Plaintiff") is proceeding *in forma pauperis* and *pro se* with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983.  Plaintiff's claim arises out of a theft incident at a Target store on March 3, 2008, to which Plaintiff apparently pled "no contest."  (*See* Doc. 67, 2:37.)  In his complaint, Plaintiff asserts that his civil rights were violated under Section 1983 due to the conduct of Eric Heller and Clebo Wheatly, Target employees who allegedly questioned him regarding the theft, and the responding officer, Greg Barrios, who arrested him (collectively "Defendants").  Currently pending before the Court is Plaintiff's motion to modify the scheduling order to extend all the deadlines in the case. (Doc. 144.)

## II. DISCUSSION

On December 9, 2010, Plaintiff filed a motion to stay the case for 200 days pending his release date from prison.  (Doc. 135.)  This motion was denied on January 12, 2011.  (Doc. 139.)  On February 7, 2011, Plaintiff filed a request to modify the schedule to extend all the dates in his case until after his release from North Kern State Prison, which was set for May 10, 2011, because he does not have the materials to adequately litigate his case.  (Doc. 144 ("Plaintiff has virtually no resources to adequately handle any/all legal access while at [North Kern State Prison]").)[1]

Prisoners have a fundamental right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Phillips v. Hust* , 588 F.3d 652, 655 (9th Cir. 2009).  However, the right is limited in nature and does not entitle prisoners to the best possible access or even ideal access, *Phillips*, 588 F.3d at 656 (quotation marks and citation omitted), and prison officials are not required to enable prisoners to discover grievances or litigate effectively once in court, *Lewis*, 518 U.S. at 354.

Plaintiff's motion to modify the schedule is a reincarnation of his motion to stay, which has already been denied.  Discovery has been open in this case since August 2010.  (*See* Doc. 118.)  Other than asserting it is difficult for him to litigate his case from prison because of restricted access to the law library, Plaintiff has not explained how he has been diligent in attempting to conduct discovery in this case.  Plaintiff asserts that Defendants have obstructed his access to Target surveillance video of the events at issue here, and he is entitled to discovery regarding this video.  The issue of this surveillance video was considered by the Court long ago.  (Doc. 99.)  Further, to the extent that Plaintiff seeks to serve interrogatories or take depositions, particularly to discover information relevant to accomplish service of process on Target-employee Michael Yant, he has not established why Plaintiff was unable to propound discovery in the last 10 months.[2]

---

[1] On May 17, 2011, Plaintiff filed a change of address notice, and it appears that he has been released from custody.  (Doc. 162.)

[2] The Court granted Plaintiff's motion to serve a subpoena duces tecum on Target Corporation requesting the address of former Target employee Michael Yant contained in Target Corporation's records.  Target Corporation complied with the subpoena duces tecum and provided the most current address in its files for Michael Yant.  A summons was issued (Doc. 117, sealed) and the U.S. Marshal was ordered to serve Plaintiff's complaint on Michael Yant at the address identified by Target Corporation.  Although service was attempted, Michael Yant was not found at the address

1    The record establishes that Plaintiff has had the materials necessary to file and serve a variety

2    of motions, notices, and other briefs.  It is entirely unclear why, given this record, Plaintiff has been

3    unable to propound *any* discovery such as interrogatories and requests for production of documents.

4    Since August 2010, Plaintiff has filed replies to Defendants' opposition regarding Plaintiff's motion

5    to name Target Corporation as a party (Docs. 123, 124); a motion for reconsideration of the Court's

6    order denying his motion to name Target Corporation as a party (Doc. 125); a notice of change of

7    address and a request for an extension of time to respond to Defendant Barrios' motion for summary

8    judgment (Doc. 131); a motion to stay (Doc. 135); reply briefs responding to Defendants' opposition

9    to Plaintiff's motion to stay (Doc. 138); an opposition to Defendant Barrios' motion for summary

10   judgment (Doc. 140); a notice of change of address (Doc. 142); a motion for an extension of time

11   (Doc. 144); objections to the Court's order allowing Plaintiff additional time to renew his 56(f)

12   motion (Doc. 149); a request for judicial notice of Plaintiff's continued medical care (Doc. 152); a

13   supplemental filing in support of Plaintiff's request for judicial notice (Doc. 157); additional notices

14   of a change of address (Docs. 158, 161, 162); and a motion for a 60-day extension of time to file a

15   renewed motion 56(f) motion (Doc. 162).  As evidenced by numerous filings with the Court since

16   August 2010 when discovery opened, Plaintiff has had access to the types of materials necessary to

17   file a variety of documents with the Court, the same materials that would be needed to propound

18   discovery.  Yet, there is no indication that Plaintiff has ever initiated any discovery.  Plaintiff has not

19   established good cause for a schedule modification.  Fed. R. Civ. P. 16(b).

20   Plaintiff further asserts that he cannot adequately oppose Defendants' motions for summary

21   judgment or otherwise litigate the case because his law-library access is restricted; he thus contends

22   he needs a schedule modification.  Plaintiff has opposed Defendants' motions for summary judgment.

23   (Docs. 100, 140.)  In his oppositions, Plaintiff asserted that he needed more time to conduct

24   discovery and requested that the Court continue consideration of Defendants' summary judgment

25   motions until such discovery could be completed.  (*See* Docs. 100, 140.)

26   ///

27

28   indicated by Target Corporation's records.  (Doc. 128, sealed.)

1    In considering Plaintiff's oppositions in February 2011, the Court construed Plaintiff's

2    statements in his oppositions as Rule 56(f) motions,[3] and denied them without prejudice. (Doc. 147.)

3    In its order, the Court explained the standards under Rule 56(f) and what Plaintiff needed to show

4    to be entitled to the continuances he sought.  (Doc. 147.)   The Court provided Plaintiff with

5    additional time to renew his Rule 56(f) motion, extending Plaintiff an additional opportunity to

6    establish the need for a continuance of Defendants' motions.  (Doc. 147.)  On March 2, 2011,

7    Plaintiff filed objections to the Court's order.  (Doc. 149.)  This issue has already been addressed by

8    the Court once and will be addressed by the Court again in a separate order addressing Plaintiff's

9    May 17, 2011, motion for a 60-day extension of time to file renewed Rule 56(f) motions. (*See* Doc.

10   162.)  Any extension of the discovery deadlines as a result of a continuance under Rule 56(f) will

11   necessarily be considered in the Court's separate order regarding Plaintiff's May 17, 2011, motion.

### III.   CONCLUSION

13   For the reasons stated above, Plaintiff's motion to modify the scheduling order to extend all

14   the deadlines is DENIED.

16   IT IS SO ORDERED.

17   **Dated:    June 22, 2011**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Federal Rule of Civil Procedure 56 has been amended.  The former Rule 56(f) is now designated as Rule 56(d).