# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01693-OWW-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND PROVIDING ADDITIONAL *RAND* NOTICE**<br><br>(DOCKET NO. 162) |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Matthew B. Cramer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2010, Defendants Eric Heller ("Heller") and Clebo Wheatly ("Wheatly") filed a motion for summary judgment. (Doc. 92.) Heller and Wheatly assert that they are entitled to judgment as a matter of law because there are no genuine issues of material fact. (Doc. 92.) On July 21, 2010, Plaintiff filed an opposition to Defendants Heller and Wheatly's motion for summary judgment. (Doc. 100). On August 2, 2010, Defendants Heller and Wheatly filed a reply to Plaintiff's opposition brief. (Doc. 107.)

On August 13, 2010, following Defendant Barrios' answer to Plaintiff's First Amended Complaint, the Court issued a Discovery Order opening discovery and setting discovery and pre-trial

1  motion deadlines. (Doc. 118.)

2  On September 16, 2010, Defendant Barrios also filed a motion for summary judgment
3  asserting he is entitled to judgment as a matter of law because there are no genuine issues of material
4  fact. (Doc. 127.) On January 24, 2011, Plaintiff filed an opposition to Defendant Barrios' motion
5  for summary judgment (Doc. 140), to which Defendant Barrios replied on February 3, 2011 (Doc.
6  143).

7  On February 11, 2011, the Court issued an order construing Plaintiff's oppositions to each
8  of the motions for summary judgment as containing Rule 56(f) motions.[1] (Doc. 147.) The Court
9  determined that Plaintiff's Rule 56(f) motions were insufficient because they did not identify how
10 facts or evidence that could be obtained with additional discovery would preclude Defendants'
11 motions. In denying Plaintiff's Rule 56(f) motion, however, the Court noted that the summary
12 judgment motions were filed "before [Plaintiff] had any realistic opportunity to pursue discovery
13 relating to [his] theory of the case" and permitted Plaintiff an opportunity to renew his 56(f) motion.
14 After providing Plaintiff with the applicable standards for filing a Rule 56(f) motion, the Court
15 granted Plaintiff an additional 30 days from the date of the order to file a renewed Rule 56(f) motion.

16 On March 2, 2011, Plaintiff filed an "objection/response of denying Plaintiff's Rule 56(f)
17 motion [without] prejudice (for the record for appellate review)." (Doc. 149.) Plaintiff again
18 reiterated that at least one hour and 47 minutes of Target video surveillance has been withheld by
19 Defendants, and the subpoena he served on Target to obtain this and other evidence was quashed by

---

[1] The Court notes that, effective December 1, 2010, the Federal Rules of Civil Procedure were amended such that the general provisions of Fed. R. Civ. P. 56(f) are now located at amended Rule 56(d). The text of amended Rule 56(d) is as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Here, the subject motions were filed prior to December 1, 2010 (Docs. 92, 127), and Plaintiff's opposition asserting that the summary judgment motions were premature was first filed on July 21, 2010 (Doc. 100). Therefore, the Court will refer to the Rule in effect *prior* to December 1, 2010. However, the Court also notes that the December 1, 2010, amendment to Rule 56(f) does not change the applicable standards; therefore, it does not matter which version of the Rule the Court applies.

the Court. (Doc. 149, p. 2, 7.) As a result, Plaintiff asserted that he has been prevented from a meaningful opportunity to discover the video surveillance he believes exists but has not been provided to him. (Doc. 149, p. 2.)

Plaintiff also asserted that he has outstanding medical bills, has suffered a loss of property, and has continued medical needs. (Doc. 149, at p. 4 ("Plaintiff has outstanding medical bills, loss of property[,] and continual medical needs, and that alone would defeat summary judgment.").) He cited his "huge disadvantages" in litigating his case without the assistance of an attorney, and asserted that he does not have the funds to have a specialist opine as to his March 3, 2008, injury. (Doc. 149, at p. 6.) Plaintiff again pointed to his limited law library access as evidence of his difficulty litigating his case. (Doc. 149, p. 11.)

On March 14, 2011, Defendants filed responses to Plaintiff's March 2, 2011, "objection/response" asserting that, to the extent the filing represented a renewed Rule 56(f) motion, it was insufficient and should be denied. (Docs. 150, 151.)

On May 4, 2011, Defendants Heller and Wheatly submitted a supplemental memorandum of points and authorities in support of their motion for summary judgment. (Doc. 155, 156.) Defendants asserted that Plaintiff's deposition was completed on April 12, 2011, and submitted portions of the deposition transcript indicating that Plaintiff declined pain medication upon receiving medical treatment for his injuries arising out of the events that occurred on March 3, 2008.

On May 12, 2011, Defendant Barrios also filed a supplemental memorandum of points and authorities in support of his motion for summary judgment, which referenced portions of Plaintiff's April 12, 2011, deposition indicating that Plaintiff declined pain medication upon receiving medical treatment for his injuries arising out of the events that occurred on March 3, 2008. (Doc. 160.)

On May 17, 2011, Plaintiff filed a motion for a 60-day extension of time to respond to these supplemental points and authorities, which is currently pending before the Court. (Doc. 162.)

## II.   DISCUSSION

**A.   Renewed *Rand* Notice is Required in Light of Supplemental Filings**

Pursuant to *Rand v. Roland*, 154 F.3d 952, 955 (9th Cir. 1998), pro se prisoners are entitled to fair notice of the requirements of the summary judgment rule. In *Marella v. Terhune*, 568 F.3d

1024 (9th Cir. 2009), while a motion for summary judgment was pending, the magistrate judge requested that the prison officials supplement their motion with information regarding whether the plaintiff had exhausted his administrative remedies. Although a proper *Rand* notice had issued prior to the motion for summary judgment, the court held that "the order for supplemental briefing 'inject[ed] renewed uncertainty and complexity into the summary judgment procedure,'" such that the previously issued *Rand* notice did not effectively give the plaintiff fair notice that he should have submitted evidence regarding exhaustion of remedies. *Id.* at 1028 (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1115 (9th Cir. 2003)). In light of the Ninth Circuit's holding in *Marella,* the supplemental briefing submitted by Defendants (Docs. 155, 156, 160) in this case injects renewed uncertainty and complexity such that a new *Rand* notice is required. As such, the appropriate *Rand* notice is issued below.

**B.      Notice to Plaintiff of Requirements to Oppose Motions for Summary Judgment**

Defendants have moved for summary judgment as to Plaintiff's claims. Pursuant to *Rand*, 154 F.3d at 955, and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), **Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by Defendants pursuant to Fed. R. Civ. P. 56.** Such a motion is a request for an order for judgment on all of Plaintiff's claims in favor of Defendants without trial. *See* Fed. R. Civ. P. 56(b). Defendants' motions set forth the facts which Defendants contend are not reasonably subject to dispute and that entitle Defendants to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law. Plaintiff may show Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint <u>if</u> the complaint shows that Plaintiff has personal knowledge of the matters stated <u>and if</u> Plaintiff calls the Court's attention to those portions of the complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which Plaintiff believes prove his claims (the persons who sign

the affidavit or declaration must have personal knowledge of the facts stated);[2] (3) Plaintiff may also rely upon written records, but he must prove that the records are what he claims they are;[3] (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with affidavits, declarations, or other evidence, Defendants' evidence will be taken as true, and final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

It is well-established that verified pleadings and verified oppositions constitute opposing declarations so long as they are based on personal knowledge and they set forth facts admissible in evidence to which the declarant is competent to testify, *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.11 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985), with personal knowledge and competence to testify inferable from the affidavits themselves, *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam) (quotation marks omitted); *see also Sea-Land Service, Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 819 (9th Cir. 2002). Plaintiff's amended complaint is verified, and therefore, it may function as an opposing declaration to the extent it sets forth admissible facts within Plaintiff's personal knowledge.

If there is some good reason why such facts are not available to Plaintiff to oppose the motions, the Court will consider a request to postpone considering Defendants' motion. *See* Fed. R.

---

[2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts that would be admissible into evidence. *See* Fed. R. Civ. P. 56(c)(4).

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. *See* Fed. R. Civ. P. 56(c).

5

Civ. P. 56(d).[4]

Any party may object to the other's evidence on the ground that it cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

### C.    Plaintiff May File Amended Opposition Briefs

On May 17, 2011, Plaintiff requested additional time to respond to Defendants' supplemental points and authorities (*see* Docs. 155, 156, 160) submitted in support of their motions for summary judgment. (Doc. 162.)   As Plaintiff has been provided a new *Rand* notice, it is appropriate that Plaintiff have an opportunity to submit amended briefs in opposition to the motions for summary judgment and present any evidence he has to support his position. *See Marella*, 568 F.3d at 1028 (remanding and ordering that the plaintiff be provided an opportunity to submit evidence subsequent to *Rand* notice). Further, even if the *Rand* notice were unnecessary, Plaintiff is entitled to an opportunity to respond to Defendants' supplemental points and authorities. Plaintiff shall be granted 45 days to file amended briefs in opposition to each motion for summary judgment.

**Plaintiff is informed that any amended brief filed in opposition to Defendants' motions for summary judgment and the supplemental points and authorities in support of those motions <u>supersedes all previous briefs in opposition</u>, must be complete in and of itself, and must not reference any previous brief filed in opposition to the motions.**

<u>**Any request for an extension of time to file amended opposition briefs beyond the 45 days will not be entertained without compelling reasons, which do not include limitations on the ability to access research materials.**</u>

Further, Defendants may each submit a brief in reply to any amended opposition that Plaintiff files. Defendants shall have 30 days from the date Plaintiff files new opposition briefs to submit an optional reply brief.

---

[4] As Plaintiff has had approximately eight months to pursue discovery (*see* Doc. 118) and was specifically informed by the Court that he could seek discovery from Defendants regarding a variety of information (*see* Doc. 120, 3:5-12), to support a Rule 56(f) motion at this stage of the litigation, Plaintiff must show that he acted diligently in pursuing discovery. *See Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (district court may deny relief under Rule 56(f) if the party opposing summary judgment has failed to diligently pursue discovery).

**D.     Defendants Must Comply with Local Rule 133(j)**

Defendants' supplemental points and authorities reference portions of Plaintiff's April 12, 2011, deposition (Docs. 155, 156, 160), but only select pages from the deposition are provided to the Court. Local Rule 133(j) provides the following:

> Depositions shall not be filed through CM/ECF. Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise. *See* L.R. 250.1(a).

Defendants shall submit, through mail or delivery, a courtesy copy of Plaintiff's complete April 12, 2011, deposition transcript to the Clerk of Court for use in chambers; or, alternatively, they may submit an electronic copy of the deposition transcript to skoorders@caed.uscourts.gov and concurrently email or transmit the deposition transcript to all other parties. The deposition transcript shall <u>not</u> be filed on CM/ECF.

**E.     No Additional Filings Related to the Motions for Summary Judgment Are Permitted**

As set forth above, Plaintiff is entitled to file amended briefs in opposition to each of Defendants' motions for summary judgment (*see* Docs. 92, 127). Plaintiff may submit one brief that opposes both motions; **<u>or</u>** he may file two opposition briefs addressing each motion separately. Defendants are permitted to file optional reply briefs. **No other filing related to Defendants' summary judgment motions will be permitted; any document filed in relation to the motions for summary judgment other than those listed here will be STRICKEN**. **If Plaintiff fails to timely file amended opposition briefs, Defendants shall NOT file any reply briefs**. At that time, the motions for summary judgment will stand **submitted to the Court and findings and recommendations will issue based on the existing record.**

///
///
///

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a 60-day extension of time to respond to Defendants' supplemental points and authorities filed in support of their motions for summary judgment is GRANTED IN PART;

2. Plaintiff may file amended opposition briefs **within 45 days from the date of service of this order;**

3. If Plaintiff fails to timely file amended opposition briefs, Defendants' motions for summary judgment will be considered submitted on the record as it stands, and no further filings related to Defendants' motions for summary judgment will be permitted;

4. If Plaintiff timely files amended opposition briefs, **Defendants are entitled to file optional reply briefs within 30 days after service of Plaintiff's amended opposition briefs;** and

5. If Defendants have not already done so, they shall comply with Rule 133(j) with regard to the deposition transcript referenced in their supplemental points and authorities.

IT IS SO ORDERED.

**Dated:   July 26, 2011**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE