UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01693-SKO |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT AS TO DEFENDANT YANT AND DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF REMAINING DEFENDANTS** |
| TARGET CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

This action proceeds on Plaintiff's First Amended Complaint ("FAC") filed on February 17, 2009. (Doc. 10.) Plaintiff's claim arises out of a theft incident at a Target Store on March 3, 2008, to which Plaintiff pled "no contest." (Doc. 10, 6:13 ("Plaintiff does not dispute he pled no contest to this theft.").)

In his FAC, Plaintiff asserts that his civil rights were violated due to the conduct of the Target Corporation ("Target") employees, who detained him and questioned him following his theft in the store, as well as the responding police officer who arrested him. The FAC named four defendants: Target employees Michael J. Yant ("Yant"), Eric Heller ("Heller"), and a doe supervisor (who was later identified as Clebo Wheatly ("Wheatly")), as well as Police Officer Greg Barrios ("Barrios"). For the reasons set forth below, the claim against Defendant Yant stated in the FAC is DISMISSED WITHOUT PREJUDICE.

## II. FACTUAL BACKGROUND

Pursuant to the Court's screening order on Plaintiff's FAC, service of the FAC upon Defendants Yant, Heller, and Barrios was deemed appropriate. (Doc. 15.) Plaintiff provided the address of the Tulare Target store for purposes of service of process on Yant and Heller. (Docs. 21, 23.) The summons as to Yant was returned unexecuted because he no longer worked at the Target store at the time of service. (Doc. 23.)

On May 6, 2010, the Court informed Plaintiff that service of the FAC had not been effected as to Defendant Yant within 120 days of the filing of the FAC as required by the Federal Rules. (Doc. 80.) The Court provided Plaintiff an additional 45 days to provide the current address of Defendant Yant so that service of the FAC could be accomplished. (Doc. 80).

Subsequently, upon Plaintiff's motion, the Court issued a subpoena on Target to provide the last known address of Yant under seal for purposes of service of process. (Doc. 89.) Target provided the last known address of Defendant Yant (Doc. 111), service was attempted by the United States Marshal at that address on August 10, 2010, but Defendant Yant was not found at that address (Doc. 128).

## III. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The FAC was filed on February 17, 2009, but service upon Defendant Yant has not been accomplished. Plaintiff has been given notice that the action against Defendant Yant is subject to dismissal for failure to timely serve Yant with the FAC. (Doc. 80.) Plaintiff has been unable to locate or provide an address for service of the FAC on Defendant Yant. Therefore, the action as to Defendant Yant must be dismissed without prejudice.

Finally, because the remaining Defendants' motions for summary judgment have been granted, judgment shall be entered in favor of those Defendants and the case shall be administratively closed.

### IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The claim stated in the First Amended Complaint against Defendant Yant is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m);

2. The Clerk of Court is DIRECTED to enter judgment in favor of Defendants Barrios, Heller, and Wheatly and against Plaintiff Cramer; and

3. Upon entry of judgment, the Clerk of Court is DIRECTED to administratively close this case.

IT IS SO ORDERED.

**Dated:    November 28, 2011**            /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE