**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>          Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-01693-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS**<br><br>(Docs. 186, 187) |

**I.   INTRODUCTION**

On November 22, 2011, the Court granted Defendants Wheatly, Heller, and Barrios' motions for summary judgment. (Doc. 179.) Judgment was entered against Plaintiff on November 29, 2011. On December 1, 2010, Plaintiff filed a document entitled "Objection to Magistrate Ruling Granting (Doc. 179) Defendants' et al Motion for Summary Judgment." (Doc. 186.) Below this caption, Plaintiff stated that his filing was a "Notice of Appeal and Submission of Appeal to the Ninth Circuit Court of Appeals of Granting Defendants Barrios and Wheatly, Hellers' Motion for Summary Judg[ment]." (Doc. 186.)

On December 2, 2011, Plaintiff filed a document seeking reconsideration of the Court's November 22, 2011, order and asking for a "stay of appellate review." (Doc. 187.) For the reasons

that follow, Plaintiff's motion for reconsideration is DENIED, and Plaintiff's *in forma pauperis* status is REVOKED. The Clerk of Court is DIRECTED to process Plaintiff's appeal.

## II.   DISCUSSION

**A.   Plaintiff's Motion for Reconsideration is DENIED**

Plaintiff has filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id*. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff's motion for reconsideration is based on a medical examination report dated November 18, 2011, that Plaintiff submitted with his motion for reconsideration. Plaintiff asserts that this medical record clearly establishes his clavicle injury that resulted from the events of March 3, 2008, and that there are material issues of fact in dispute. The November 18, 2011, medical record indicates that Plaintiff sought treatment for left-arm pain relating to a clavicle injury that Plaintiff reported occurred in 2008. Plaintiff reported to the examining physician that the injury has caused him occasional shooting pain and that his left arm sometimes gets numb. (Doc. 187, p. 6.) The examining physician noted a left-clavicle deformity that resulted in some limitation in the range of

motion in that arm and shoulder. The examination report notes a refill for Naproxen and recommended physical therapy to improve the pain and range of motion. (Doc. 187, p. 6.)

The November 18, 2011, medical record, however, does not provide any evidence that the approximate two-hour *delay* in medical care Plaintiff suffered on March 3, 2008, resulted in further harm. The Court previously explained in its November 22, 2011, order that, even assuming that Plaintiff's March 3, 2008, clavicle injury causes Plaintiff continued medical issues, this fact is not material with respect to his claim of deliberately indifferent delay in providing medical care:

> The question for purposes of Plaintiff's claim, however, is not whether the injuries he sustained on March 3, 2008, have caused him any further harm, but whether the *delay* in treatment caused him any further harm. It is the *delay* in treatment that is the essence of Plaintiff's civil rights claim for deliberate indifference, not the harm he suffered as a result of his injury in and of itself. In the face of Dr. DiRaimondo's expert opinion that the delay in treatment had no consequence at all, none of the medical records Plaintiff submits create[s] a triable issue of fact with regard to whether the *delay* in treatment on March 3, 2008, caused him any further harm. (*See* Doc. 94, ¶ 4 ("delay in treatment of 2-3 hours had no consequence at all").)

(Doc. 179, 25:16-23.) Rather, the material issue is whether the *delay* in care itself caused any further harm. Even in light of this evidence, a reasonable trier of fact could not return a verdict in Plaintiff's favor. Plaintiff's motion for reconsideration is DENIED WITH PREJUDICE. The Court will not entertain any additional requests for reconsideration. Plaintiff's sole remedy lies with the appellate court.

**B.    Plaintiff's In Forma Pauperis Status is REVOKED**

Plaintiff filed a notice of appeal on December 1, 2011. (Doc. 186.) Pursuant to the Federal Rules of Appellate Procedure,

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A)    the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B)    a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

    (A)    denies a motion to proceed on appeal in forma pauperis;
    (B)    certifies that the appeal is not taken in good faith; or
    (C)    finds that the party is not otherwise entitled to proceed in forma pauperis.

Fed. R. App. P. 24(a)(4).

Because Plaintiff was proceeding *in forma pauperis* in this action in the district court, Plaintiff is entitled to proceed *in forma pauperis* on appeal unless the Court makes a finding to the contrary. As discussed below, the Court finds that Plaintiff is not entitled to proceed *in forma pauperis* on his appeal filed December 1, 2011.

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff became subject to Section 1915(g) on April 24, 2009, when his third action was dismissed for failure to state a claim upon which relief may be granted.[1] As Plaintiff is subject to Section 1915(g) and does not meet the imminent danger exception, Plaintiff is *not* entitled to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(4)(C).

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED WITH PREJUDICE;

2. Plaintiff's *in forma pauperis* status is REVOKED; and

3. The Clerk of Court is DIRECTED to process Plaintiff's appeal.

IT IS SO ORDERED.

**Dated:**   **December 7, 2011**          /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of the following cases: 1:08-cv-01310-GSA PC, *Cramer v. Schwarzenegger*, (E.D. Cal.) (dismissed 04/24/2009 for failure to state a claim); 2:00-cv-02374-DFL-DAD PC, *Cramer v. Cal. Dept' of Justice, et al.,* (E.D. Cal.) (dismissed 09/26/2001 for failure to state a claim); and 2:00-mc-00099-FCD-GGH, *Cramer v. Ty H. Warner* (E.D. Cal.) (dismissed 07/26/2001 for failure to state a claim).